UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EDGAR FELICIANO, ROBERT CHEW, and XEMARIL CRUZ,

Plaintiffs,

vs.                                                    Case No.:

CITY OF CAMDEN (POLICE DEPARTMENT),

Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT

1. Plaintiffs, EDGAR FELICIANO, ROBERT CHEW, and XEMARIL CRUZ ("Plaintiffs"), were employees of Defendant, CITY OF CAMDEN (POLICE DEPARTMENT), ("Defendant"), and bring this action on behalf of themselves and other similarly situated employees of Defendant for overtime compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b).

3. At all times material hereto, Plaintiffs performed non-exempt duties for the Defendant in Camden County, New Jersey, within the jurisdiction and venue of this Court.

4. Plaintiffs are individuals residing in Camden County, New Jersey.

5. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b). At all times pertinent to this Complaint, the Defendant, CITY OF CAMDEN (POLICE DEPARTMENT), was an enterprise engaged in interstate commerce or in the

1

production of interstate goods for commerce as defined by the Act, 29 U.S.C. §203(r) and 203(s).

## FACTS

6. Defendant, CITY OF CAMDEN is a governmental agency providing police protection services through the City of Camden Police Department, New Jersey, and employs persons such as Plaintiffs and other similarly situated employees to work on its behalf in providing labor for its benefit.

7. This Defendant is within the personal jurisdiction and venue of this Court.  Defendant directly or indirectly acted in the interest of an employer towards Plaintiffs and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiffs and other similarly situated employees.

8. Plaintiff FELICIANO was hired by Defendant in approximately 1999 and is currently employed by Defendant.

9. Plaintiff CHEW was hired by Defendant in approximately 1998 and is currently employed by Defendant.

10. Plaintiff CRUZ was hired by Defendant in approximately 1994 and is currently employed by Defendant.

11. Based upon the information preliminarily available, and subject to discovery in this cause, Defendant did not properly compensate Plaintiffs, and those similarly situated employees, for all overtime hours worked in a work week.

12. At all times material hereto, Plaintiffs and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendant.

13. This cause of action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), on behalf of Plaintiffs and all other current and former employees similarly situated during the material time.

14. The records, if any, concerning the number of hours worked by Plaintiffs and all other similarly situated employees as Plaintiffs are in the possession and custody of Defendant.

15. The records, if any, concerning the compensation actually paid to Plaintiffs and all other similarly situated employees are in the possession and custody of Defendant.

16. At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-209, in that Plaintiffs and those similarly situated employees performed services and labor for Defendant for which Defendant made no provision to pay Plaintiffs and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty within a work week.

17. The additional persons who may become Plaintiffs in this action are Defendant's non-exempt employees who have worked overtime hours in one or more work periods, on or after April 2009, and did not receive time and one-half of their regular rate of pay.

18. Plaintiffs have retained the law office of Jaffe Glenn Law Group, P.A. to represent them individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I

### RECOVERY OF OVERTIME COMPENSATION
### PURSUANT TO THE FLSA

19. Plaintiffs re-allege, and incorporate here by reference, all allegations contained in Paragraphs 1 through 18 above.

20. Plaintiffs are entitled to be paid time and one-half of their regular rate of pay for each overtime hour worked per work period.

21. All similarly situated employees of Defendant are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

22. Defendant knowingly and willfully failed to pay Plaintiffs and the other similarly situated to them at time and one half of their regular rate of pay for their overtime hours worked in a work period.

23. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiffs and those similarly employees have suffered damages plus incurring costs and reasonable attorneys' fees.

24. As a result of Defendant's willful violations of the Act, Plaintiffs and those similarly situated employees are entitled to liquidated damages.

25. Plaintiffs demand a jury trial.

WHEREFORE, Plaintiffs, EDGAR FELICIANO, ROBERT CHEW, and XEMARIL CRUZ, and those similarly situated to them who have or will opt into this collective action, demand judgment, against Defendant, CITY OF CAMDEN (POLICE DEPARTMENT), for the payment of compensation for all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated,

liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated:  April 12, 2012                                  Respectfully submitted,

/s Andrew I. Glenn
Andrew I. Glenn, Esq.
E-mail:  AGlenn@jaffeglenn.com
New Jersey Bar No.: 026491992
Jaffe Glenn Law Group, P.A.
12 South Orange Avenue, Suite 3R
South Orange, New Jersey 07079
Telephone:  (201) 687-9977
Facsimile:   (201) 595-0308
Attorneys for Plaintiffs