**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDGAR FELICIANO, ROBERT CHEW, and XEMARIL CRUZ, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CAMDEN, <br><br> Defendant. | Civil Action No.: 1:12-cv-02213 <br><br> **BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION OF THE COLLECTIVE ACTION AND REQUEST FOR EXPEDITED COURT AUTHORIZED NOTICE TO PROSPECTIVE FLSA COLLECTIVE ACTION MEMBERS** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
CONDITIONAL CERTIFICATION OF THE COLLECTIVE ACTION AND REQUEST
FOR EXPEDITED COURT AUTHORIZED NOTICE TO PROSPECTIVE FLSA
COLLECTIVE ACTION MEMBERS**

## TABLE OF CONTENTS

A.  NATURE OF THE CASE ..................................................................... 1

B.  PROCEDURAL HISTORY & CLASS DESCRIPTION ................................... 2

C.  THE FAIR LABOR STANDARDS ACT ................................................ 4

1.  FLSA PROVIDES FOR "COLLECTIVE ACTION" MECHANISM ............................ 4

D.  THE *HOFFMAN-LA ROCHE* TWO-TIER PROCEDURE USED IN CERTIFYING COLLECTIVE ACTIONS PURSUANT TO SECTION 216(B) ............................. 6

E.  "SIMILARLY SITUATED" REQUIREMENT ................................... 8

F.  PLAINTIFFS HAVE DEFINED THE POTENTIAL CLASS WITH ADEQUATE SPECIFICITY ................................................................................. 10

G.  THE COURT SHOULD FACILITATE NOTICE TO ALL POTENTIAL PLAINTIFFS ............................................................................... 14

H.  NOTICE IS APPROPRIATE FOR ADDITIONAL REASONS .................................. 15

## TABLE OF AUTHORITIES

**SUPREME COURT CASES**                                                          **Page(s)**

Brooklyn Sav. Bank v. O'Neil,

    324 U.S. 697 (1945)   .   .   .   .   .   .   .   .   4

Hoffman-La Roche, Inc.,

    493 U.S. 165 (1989)   .   .   .   .   .   .   .   .   5, 6, 7

    8, 14, 15

    16, 17

McLaughlin v. Richland Shoe Co.,

    486 U.S. 128 (1988)   .   .   .   .   .   .   .   .   16

Mitchell v. Lubin, McGaughy & Associates,

    358 U.S. 207 (1959)   .   .   .   .   .   .   .   .   13


**FEDERAL CASES**

Adams v. Inter-Con Security Systems,

    242 F.R.D. 530 (N.D. Cal. 2007)   .   .   .   .   .   .   18

Aquilino v. The Home Depot,

    2006 U.S. Dist. LEXIS 66084 (D.N.J. Sept. 7, 2006)   .   .   .   9, 10, 11

Beo v. BTB Servs.,

    2009 U.S. Dist. LEXIS 18308 (S.D. Fla. Feb. 24, 2009)   .   .   .   16

Bonder v. Purdential Fin., Inc.,

    2008 U.S. Dist. LEXIS 25103 (D.N.J. Mar. 27, 2008)   .   .   .   10

De Asencio v. Tyson Foods, Inc.,

130 F. Supp. 2d 660 (E.D. Pa. 2001) . . . . . . 10

Herring v. Hewitt Assocs.,

2007 U.S. Dist. LEXIS 53278 (D.N.J. July 24, 2007) . . . 5, 6

Morisky v. Public Serv. Elec. & Gas Co.,

111 F. Supp. 2d 493 (D.N.J. 2000) . . . . . . 5, 6, 9

Morgan v. Family Dollar Stores,

551 F.3d 1233 (11th Cir. 2008) . . . . . . 6, 8

Purnamasidi v. Ichiban Japanese Rest.,

2010 U.S. Dist. LEXIS 101281 (D.N.J. Sept. 24, 2010) . . . 9, 10

Ritzer v. UBS Fin. Servs., Inc.,

2008 U.S. Dist. LEXIS 71635 (D.N.J. Sept. 22, 2008) . . . 9

Redman v. U.S. West Business Resources, Inc.,

153 F.3d 691 (8th Cir. 1998) . . . . . . . 16

Rubery v. Buth-Na-Bodhaige, Inc.,

569 F.Supp.2d 334 (W.D.N.Y. 2008) . . . . . 18

Sherrill v. Sutherland Global Servs.,

487 F.Supp.2d 344 (W.D.N.Y. 2007) . . . . . 18

Smith v. Sovereign Bancorp, Inc.,

2003 U.S. Dist. LEXIS 21010 (E.D. Pa. Nov. 13, 2003) . . . 8

Sperling v. Hoffman-La Roche, Inc.,

118 F.R.D. 392 (D.N.J. 1988) . . . . . . 9, 10

Symczyk v. Genesis Healthcare Corp.,

656 F.3d 189 (3d Cir. 2011) . . . . . . . 7, 8

Wright v. Lehigh Valley Hosp.,

    2010 U.S. Dist. LEXIS 86915 (E.D. Pa. Aug. 24, 2010)   .    .    .    8

Zanes v. Flagship Resort Dev., LLC,

    2010 U.S. Dist. LEXIS 118975 (D.N.J. Nov. 9, 2010)   .    .    .    8


**FEDERAL STATUTES**

29 U.S.C. § 201   .    .    .    .    .    .    .    .    .    1, 4

29 U.S.C. § 201(7)(k) .    .    .    .    .    .    .    .    4

29 U.S.C. § 202   .    .    .    .    .    .    .    .    .    5

29 U.S.C. § 206(a)   .    .    .    .    .    .    .    .    5

29 U.S.C. § 207(a)   .    .    .    .    .    .    .    .    5

29 U.S.C. § 216(b)   .    .    .    .    .    .    .    .    1, 3, 4

    5, 9, 10

    16, 17

29 U.S.C. § 255   .    .    .    .    .    .    .    .    .    15

29 U.S.C. § 621   .    .    .    .    .    .    .    .    .    6

29 U.S.C. § 626(b)   .    .    .    .    .    .    .    .    6


**STATE STATUTES**

N.J.S.A. 34:11-56a   .    .    .    .    .    .    .    .    3


**RULES**

Fed. R. Civ. P. 12(b)(6)   .    .    .    .    .    .    .    3

Fed. R. Civ. P. 23(c)(2)   .   .   .   .   .   .   .   .   6

## MEMORANDUM OF LAW

### A. Nature of the Case

Defendant, CITY OF CAMDEN ("Defendant"), is a governmental agency providing police protection services throughout the City of Camden, New Jersey. Plaintiffs, EDGAR FELICIANO, ROBERT CHEW, and XEMARIL CRUZ, along with other individuals that are similarly situated to Plaintiffs (collectively "Plaintiffs"), are non-exempt law enforcement officers paid on an hourly basis that were responsible for the police protection services to the City of Camden. The Plaintiffs seek unpaid overtimes wages from Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., (hereinafter referred to as the "FLSA"), as a result of Defendant's continuous and systematic practice of failing to pay Plaintiffs proper compensation for all hours worked for the benefit of Defendant. The FLSA provides that an action for unpaid overtime compensation may be maintained by "any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Under Defendant's wage compensation system, Defendant failed to pay Plaintiffs, as well as collective action members, overtime compensation for all tasks that such individuals perform(ed) to ensure that the City of Camden's day to day operations ran smoothly.

In this case, Plaintiffs and all others who are similarly situated, worked as law enforcement officers for the City of Camden.[1]  See Exhibit B. As such, Plaintiffs and other law enforcement officers performed a multitude of functions, specifically providing protection to the City for the benefit of Defendant. See Exhibit B. Law enforcement officers, such as Plaintiffs, often worked overtime that they were not paid for. See Exhibit B. Defendant failed to pay these law enforcement officers for hours worked in any given work period in excess of eighty six (86) or one hundred and seventy one (171) hours, depending on the pay period. In either case, the

---

[1] Sixteen (14) Plaintiffs have signed Declarations, which are attached as Exhibit "B."

officers worked overtime and were not paid for this time.  <u>See Exhibit B</u>.

The regularly assigned hours of labor, which include hours that exceed that of the regular pay period, are nothing less than exploitive.  Pursuant to the FLSA, Defendant is culpable for the habitual practice of failing to compensate Plaintiffs, and those similarly situated, for all overtime hours worked for the benefit of Defendant.  Plaintiffs and all others similarly situated were not paid at an overtime rate for all overtime hours worked.  Therefore, Plaintiffs and those similarly situated are owed compensation at a rate of one and one-half times their normal rate of pay for all overtime hours worked while employed by Defendant.

As such, EDGAR FELICIANO, ROBERT CHEW, and XEMARIL CRUZ, on behalf of themselves and all others similarly situated, by and through the undersigned counsel, hereby move this Honorable Court for an Order conditionally certifying the above-captioned case as a collective action and facilitating notice to similarly situated employees.  Plaintiffs further move this Honorable Court to order Defendant to provide Plaintiffs with a list, in the form of an Excel spreadsheet, containing the full name, date(s) and location(s) of employment, job title(s), address(es), date of birth and telephone number(s) for each of the current and former law enforcement officers of the City of Camden, that held non-exempt positions as law enforcement officers, who were paid on an hourly basis, that are responsible for the protection of the City of Camden, and who provided services for one or more weeks in furtherance of the business of the Defendant at any time from April 12, 2009, to the closing of the City police Department, in or about April 2013.

## B.  Procedural History & Class Description

On April 12, 2012, Plaintiffs EDGAR FELICIANO, ROBERT CHEW, and XEMARIL CRUZ, filed a Collective Action and Class Action Complaint on behalf of themselves and other

similarly situated employees, to recover from Defendant CITY OF CAMDEN, overtime compensation and other relief under the FLSA (DE 1).  Thereafter, on April 18, 2012, Plaintiffs filed an Amended Complaint (DE 6).  On July 20, 2012, Defendant filed an Answer and Affirmative Defenses (DE 18).

The class that the named Plaintiffs seek to represent consists of the following individuals:

> **All employees, employed for any length of time since April 12, 2009, that held non-exempt law enforcement officer positions, that were paid an hourly wage, and were involved in the protection of the City of Camden, on behalf of Defendant, throughout the State of New Jersey.**

The FLSA, pursuant to 29 U.S.C. § 216(b), provides that an action for unpaid overtime compensation may be maintained by "any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  The FLSA specifically states that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  Id. Therefore, Plaintiffs seek to have this Court conditionally certify the above stated plaintiff class, authorize notice to potential class members of their right to "opt in," and allow for this action to continue as a collective action under the FLSA.

All current and former employees similarly situated to Plaintiffs, who were not paid overtime, and who were employed by Defendants for any length of time since April 12, 2009 (three (3) years prior to the filing of the instant lawsuit) are entitled to notice of this action and of their right to file a consent to opt-in to this action.  See id.  The form of notification Plaintiffs propose to provide is in the form of Exhibit "A", a copy of which is attached hereto.  The notification to similarly situated individuals as requested herein (and in the form of Exhibit "A") is the only practical and efficient method of notifying these individuals of the pendency of this action and of their opt-in rights under the FLSA.  As such, Plaintiffs seek to have this Court

conditionally certify the above-captioned case as a collective action and facilitate notice to similarly situated employees of the pendency of this action as well as their statutory right to opt-in to and become a party to such action in the form of Exhibit "A" attached hereto.

## C.  The Fair Labor Standards Act

The FLSA, 29 U.S.C. § 201 et seq., which was enacted in 1938, was designed "to aid the unprotected, unorganized and lowest paid of the nation's working population; that is, those employees who lacked sufficient bargaining power to secure for themselves a minimum subsistence wage."  Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 n.18 (1945).  It requires that employees pay covered employees at least a specified minimum wage and wages at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per workweek.  See 29 U.S.C. §§ 202, 206(a), 207(a). With regard to police officers and the case at bar, the FLSA, Section 7(k) provides a partial overtime pay exemption for public employees engaged in law enforcement activities who are employed on a work period basis, which may be from 7 consecutive days to 28 consecutive days in length. 29 C.F.R. §§ 553.201, 553.224. For work periods of at least 7 but less than 28 days, overtime pay is required when the number of hours worked exceeds the number of hours that bears the same relationship to 171 as the number of days in the work period bears to 28. 29 C.F.R. § 553.230. For example, officers must receive overtime after 171 hours if the work period is 28 days, and 86 hours worked during a 14-day work period.

### 1.  FLSA Provides For "Collective Action" Mechanism

The FLSA provides a "collective action" mechanism, set forth in 29 U.S.C. § 216(b). Pursuant to the "collective action" mechanism, an employee alleging an FLSA violation may bring an action on "behalf of himself . . . and other employees similarly situated."  See 29 U.S.C.

§ 216(b).   The "collective action" mechanism under the FLSA gives "plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989).   In return, "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." Id.   Thus, this procedure is a matter of judicial economy to avoid piecemeal litigation. See id.

However, this mechanism is subject to the requirement that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." See 29 U.S.C. § 216(b). As such, a successful collective action under the FLSA is fully dependent on plaintiffs opting in to the class. See Morisky v. Public Serv. Elec. & Gas Co., 111 F. Supp. 2d 493, 496 (D.N.J. 2000); see also Herring v. Hewitt Assocs., Civ. No. 06-267 (GEB), 2007 U.S. Dist. LEXIS 53278, at *6 (D.N.J. July 24, 2007).   Thus, under this statutory procedure, an employee belonging to a similarly situated class of plaintiffs must opt into the class by filing a written consent with the district court in order to be bound by the outcome of the case. See Morisky v. Public Serv. Elec. & Gas Co., 111 F. Supp. 2d 493, 496 (D.N.J. 2000); see also Herring v. Hewitt Assocs., Civ. No. 06-267 (GEB), 2007 U.S. Dist. LEXIS 53278, at *6 (D.N.J. July 24, 2007).

**2.  The FLSA Does Not Statutorily Provide For Notice to be Sent to Potential Class Members**

The benefits of the FLSA collective action mechanism are "depend[ent] [up]on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989).   However, unlike traditional class actions, the FLSA

does not statutorily provide for notice to be sent to potential class members. <u>Compare</u> 29 U.S.C. § 216(b), <u>with</u> Fed. R. Civ. P. 23(c)(2). Therefore, the "importance of certification, at the initial stage, is that it authorizes either the parties, or the court itself, to facilitate notice of the action to similarly situated employees." <u>See Symczyk v. Genesis Healthcare Corp.</u>, 656 F.3d 189, 199 (3d Cir. 2011) (<u>quoting Morgan v. Family Dollar Stores</u>, 551 F.3d 1233, 1259 (11th Cir. 2008)). Thus, this Motion seeks conditional certification of this FLSA collective action to join all claims into a single consolidated proceeding, and authorization to send notice to similarly situated employees of their right to have their claims resolved as part of this proceeding.

## D. The *Hoffman-La Roche* Two-Tier Procedure Used in Certifying Collective Actions Pursuant to Section 216(b)

The Supreme Court established a two-tier procedure in <u>Hoffman-La Roche</u> for permitting court-supervised collective actions.[2] <u>See Hoffman-La Roche</u>, 493 U.S. at 165. The Supreme Court held that trial courts have authority to compel Defendant-employers to provide names and addresses of potential plaintiffs through the pretrial discovery process, and that this authority also includes sending court-authorized consent forms to potential plaintiffs. <u>See id</u>.

The Court's authority to supervise notice to class members derives from the district court's broad discretionary power to manage the process of joining multiple parties in an orderly manner. <u>See id.</u> at 171. "Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of [the trial] court to begin its involvement early, at the point of the initial notice, rather than at some later time." <u>Id.</u> at 169–72. The <u>Hoffman-La Roche</u> court determined that

---

[2] <u>Hoffman-La Roche</u> involved a collective action brought under the Age Discrimination and Employment Act ("ADEA") of 1967, 29 U.S.C. §§ 621 <u>et seq</u>. However, that statute incorporates the FLSA's collective action mechanism. <u>See</u> 29 U.S.C. § 626(b). Therefore, the <u>Hoffman-La Roche</u> two-step procedure is applied to both the FLSA and ADEA.

"[c]ourt authorization of [the] notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action."  See id.

The Third Circuit follows this notice procedure for collective actions.  See Symczyk v. Genesis Healthcare Corp., 656 F.3d 189 (3d Cir. 2011).  In Symczyk, the Third Circuit noted that the district court has authority to issue an order requiring notice to similarly situated employees of the defendants, affording them the opportunity to opt into the collective action, as provided by section 216(b) of the FLSA.  See id. at 194.  The Symczyk court outlined the two-tiered procedure that district courts should use in certifying collective actions under the FLSA.  See id. at 192.

> In deciding whether a suit brought under § 216(b) may move forward as a collective action, courts typically employ a two-tiered analysis.  During the initial phase, the court makes a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff.  [I]f the plaintiff carries her burden at this threshold stage, the court will "conditionally certify" the collective action for the purposes of notice and pretrial discovery.  In the absence of statutory guidance or appellate precedent on the proper definition of "similarly situated," a divergence of authority has emerged on the level of proof required at this stage.  Some trial courts within our circuit have allowed a plaintiff to satisfy her burden simply by making a "substantial allegation" in her pleadings that she and the prospective party plaintiffs suffered from a single decision, plan or policy, but the majority of our circuit's trial courts have required the plaintiff to make a "modest factual showing" that the proposed recipients of opt- in notices are similarly situated.  See Wright v. Lehigh Valley Hosp., Civ. No. 10-431, 2010 U.S. Dist LEXIS 86915, at *7-10 (E.D. Pa. Aug. 24, 2010) (canvassing cases).

> Under the "modest factual showing" standard, a plaintiff must produce some evidence, "beyond pure speculation," of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees.  See Smith v. Sovereign Bancorp, Inc., No. 03-2420, 2003 U.S. Dist LEXIS 21010, at *10 (E.D. Pa. Nov. 13, 2003).  We believe the "modest factual showing" standard — which works in harmony with the opt-in requirement to cabin the potentially massive size of collective actions — best comports with congressional intent and with the Supreme Court's directive that a court "ascertain[] the contours of [a collective] action at the outset."  See Hoffman-La Roche, 493 U.S. at 172.

7

> *After discovery*, and with the benefit of "a much thicker record than it had at the notice stage," a court following this approach then makes a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1261 (11th Cir. 2008). "This second stage is less lenient, and the plaintiff bears a heavier burden." Id. Should the plaintiff satisfy her burden at this stage, the case may proceed to trial as a collective action.

Id. at 192–93 (emphasis added). Third Circuit courts consider a case to be in the first stage and apply the lenient evidentiary standard unless the case is ready for trial. See Zanes v. Flagship Resort Dev., LLC, 2010 U.S. Dist. LEXIS 118975, at *6 (D.N.J. Nov. 9, 2010). For example, in Zanes, the court considered plaintiffs' motion for conditional certification under the first stage lenient burden of proof because discovery had just begun. See Zanes, 2010 U.S. Dist. LEXIS 118975, at *8. Therefore, rather than allow for piecemeal litigation – which also dissipates the statute of limitations for those unaware of this litigation and thereby benefits Defendant despite unlawful practices – the instant Motion in this collective action seeks notice to the aggrieved workers of their opportunity to join and thereby to efficiently resolve all overtime claims that employees of Defendant have, in a single, streamlined, consolidated proceeding, consistent with the procedures of this Circuit for collective actions.

In the case before this Honorable Court, the parties have exchanged documents, and some other written discovery; no depositions have been taken and no third party subpoenas have been issued. Primarily, at this point, the parties have exchanged discovery relating to time and payroll records. The exchange of these records, although voluminous, comprise only a small portion of the discovery that will need to be conducted to allow both parties to prepare for trial and/or dispositive motions in this matter.

**E. "Similarly Situated" Requirement**

The District Courts in the Third Circuit make a collective action determination in FLSA

cases on a showing that there is a "similarly situated" group of employees.  See Morisky v.

Public Serv. Elec. & Gas Co., 111 F. Supp. 2d 493, 496 (D.N.J. 2000) (citing 29 U.S.C. §

216(b)) (stating that "[t]he primary issue to be decided . . . is whether the named plaintiffs are

sufficiently 'similarly situated' to the opt-in plaintiffs such [the] case may proceed as a collective

action.").   "In this early phase, courts employ a relatively lenient evidentiary standard in

determining whether a collective action is appropriate." Aquilino v. The Home Depot, 2006

U.S. Dist. LEXIS 66084, *5 (D.N.J. Sept. 7, 2006) (internal quotations omitted).   Under this

standard, "the plaintiff must show 'a factual nexus between [his] situation and the situation of

other current and former [employees] sufficient to show that they are similarly

situated." Purnamasidi v. Ichiban Japanese Rest., 2010 U.S. Dist. LEXIS 101281, *7 (D.N.J.

Sept. 24, 2010) (Cavanaugh, J.) (quoting Aquilino v. The Home Depot, 2006 U.S. Dist. LEXIS

66084, *5 (D.N.J. Sept. 7, 2006)).   Some courts within the Third Circuit have determined that

"courts appear to require nothing more than substantial allegations that the putative class

members were together the victims of a single decision, policy, or plan." Sperling v. Hoffman-

La Roche, Inc., 118 F.R.D. 392, 406 (D.N.J. 1988) (Ackerman, J.); see also Morisky, 111

F.Supp.2d at 497 (requiring "substantial allegations that the putative class members were

together the victims of a single decision, policy or plan.").   To meet this standard, "plaintiffs

need show only that their positions are similar, not identical, to the positions held by the putative

class members." Sperling v. Hoffman-La Roche, Inc., 118 F.R.D. 392, 405 (D.N.J. 1988)

(internal quotation omitted).   As such, employees who "generally perform the same job of

VIPions" meet this "similarly situated" standard. Ritzer v. UBS Fin. Servs., Inc., 2008 U.S. Dist.

LEXIS 71635, at *6 (D.N.J. Sept. 22, 2008); see also Purnamasidi v. Ichiban Japanese Rest.,

2010 U.S. Dist. LEXIS 101281, *7 (D.N.J. Sept. 24, 2010) (Cavanaugh, J.) (granting conditional

certification for a class consisting of servers, bussers, runners and other tipped service workers); <u>Bonder v. Prudential Fin., Inc.</u>, 2008 U.S. Dist. LEXIS 25103, at *10–11, 15 (D.N.J. Mar. 27, 2008) (Cavanaugh, J.) (granting conditional certification based on a class of employees who held different job titles but had similar job duties and responsibilities).

Numerous courts within the Third District have even demonstrated the lenient standard at this stage, typically consisting of allegations contained in the complaint coupled with minimal number of declarations. <u>See, e.g., Purnamasidi v. Ichiban Japanese Rest.</u>, 2010 U.S. Dist. LEXIS 101281, *7 (D.N.J. Sept. 24, 2010) (granting conditional certification based on the allegations of the complaint along with one other employee's declaration); <u>Aquilino</u>, 2006 U.S. Dist. LEXIS 66084, *5 (D.N.J. Sept. 7, 2006) (granting conditional certification based on the allegations of the complaint along with five "declarations"); <u>De Asencio v. Tyson Foods, Inc.</u>, 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001) (granting conditional certification based on four affidavits).

## F.  Plaintiffs Have Defined the Potential Class with Adequate Specificity

### 1.  "Similarly Situated" Requirement Met

For purposes of defining a class pursuant to 29 U.S.C. § 216(b), Plaintiff need only demonstrate that the defined class is comprised of former employees who are similarly situated to Plaintiff with regard to the Defendant's payroll policy, practice, and procedure. <u>See</u> 29 U.S.C. § 216(b); <u>see also Sperling v. Hoffman-La Roche, Inc.</u>, 118 F.R.D. 392, 406 (D.N.J. 1988) (Ackerman, J). Under the foregoing law and the evidence of record, Plaintiffs have met the "relatively lenient evidentiary standard" and provided an amply reasonable basis for giving class notice. <u>Aquilino v. The Home Depot</u>, 2006 U.S. Dist. LEXIS 66084, *5 (D.N.J. Sept. 7, 2006).

Plaintiffs EDGAR FELICIANO, ROBERT CHEW and XEMARIL CRUZ have sufficiently alleged the class – all law enforcement officers, employed for any length of time

10

since April 12, 2009 (three (3) years prior to the filing of the instant lawsuit), that held non-exempt law enforcement officer positions, were paid an hourly wage, and were involved in the protection of the Defendant, City of Camden, on behalf of Defendant throughout State of New Jersey.  Furthermore, the sixteen (16) Declarations clearly show that all officers were subject to the same time and payroll system, and are claiming wages for the same violations, within this system.  See Exhibit B.  This class was adversely affected by a single common decision, policy, and/or plan of Defendant.   In fact, the alleged payroll policy, practice and procedure of Defendant affects all former City of Camden law enforcement officers in the same manner as Plaintiffs.  The fact that many law enforcement officers who elect to opt-in to this action may have had or have a different (i) rate of pay, (ii) supervisor, (iii) number of overtime hours, or (iv) title, does not in any way affect the similarity of their positions.  It was, after all, Defendant's policy, practice, and procedure of not paying overtime that precipitated this action.  All officers were forced to use the Kronos time system, the City refused to pay for the time officers worked and was shown on the Kronos.  See Exhibit B.

Plaintiffs EDGAR FELICIANO, ROBERT CHEW and XEMARIL CRUZ, and all opt-ins to date, have retained the undersigned counsel and filed their consents to join in order to prosecute this action as Plaintiffs.  Sixteen (16) Plaintiffs have executed declarations detailing the practices of City of Camden not paying adequate overtime compensation that has led to the commencement of this action.  See Exhibit B.  The Declarations of Plaintiffs, when considered along with the Complaint, and the number of other opt-in plaintiffs to date[3], satisfies the relatively lenient evidentiary standard for preliminary, or conditional, collective action status and notification.  See Exhibit B.  At this stage, the Plaintiff need only demonstrate a "reasonable basis" to believe that similarly situated individuals exist in the proposed class.  Aquilino v. The

---

[3] There are two hundred and five (205) Plaintiffs.

Home Depot, 2006 U.S. Dist. LEXIS 66084, *5 (D.N.J. Sept. 7, 2006).  Indeed, the minimal

evidence set forth by the Plaintiffs demonstrates that:

- The law enforcement officers' jobs/positions were similar in that they performed basic tasks for the benefit of and on behalf of Defendant;

- The law enforcement officers all worked in the same geographical location in the State of New Jersey;

- The law enforcement officers' primary job duties involved providing protective services on behalf of the Defendant;

- Throughout their employment, Plaintiffs regularly worked overtime each and every work period, as well as working time during these same pay periods for which they received no compensation;

- In fact, the Defendant required the law enforcement officers to work overtime most pay periods, as well as work pre and post shift time for which they were not paid, as well as off the clock time on days off for which the officers were not paid;

- They worked additional hours per pay period on the clock as well as off the clock, of which the law enforcement officers were never compensated at all for; and

- Defendant paid them on a base hourly wage and did not pay any additional overtime pay for some of these hours worked in each and every pay period.  See Exhibit B.

As such, because Defendant has a common pay policy which fails to adequately compensate all

law enforcement officers, such as Plaintiffs, there is a "reasonable basis" to believe that similarly

situated individuals exist in the proposed class.

Indeed, in the instant case, Plaintiffs have presented sufficient evidence, which far

exceeds what other courts in the Third Circuit have found sufficient for conditional certification

of an FLSA collective action.  Therefore, Plaintiffs bring this collective action on behalf of all law enforcement officers similarly situated to them, including former City of Camden law enforcement officers who worked for Defendant at any time on or after April 12, 2009, without proper compensation for all of their overtime hours worked.  Plaintiffs ask the Court to give notice to potential class members accordingly, consistent with the usual procedures for collective actions by similarly situated employees.

**2. Other "Similarly Situated" Employees Would Desire to Opt-In to This Lawsuit if Given Notice**

The United States Supreme Court has emphasized that the FLSA should be liberally applied to the furthest reaches consistent with congressional direction.  See Mitchell v. Lubin, McGaughy & Associates, 358 U.S. 207, 211 (1959).  Significantly, where the allegations at issue involve a company-wide pay policy with the uniform result that all similarly situated employees are denied overtime compensation, notification is particularly appropriate.

Here, Defendant failed to compensate Plaintiffs, as well as other similarly situated law enforcement officers, for any and all overtime hours worked while performing duties as law enforcement officers.  See Exhibit B.  The fact that there is one individual affected by a company-wide pay policy demonstrates that there are others who have formerly or currently still perform similar duties, were similarly compensated, and similarly denied overtime pay.  Therefore, Plaintiffs' allegations demonstrate that a class of similarly situated persons exists and those individuals would opt into this action if given notice and an opportunity to be heard.  The named Plaintiffs in this case have testified accordingly.  See Exhibit B.  Additionally, as this Honorable Court is well aware, there are two hundred and five (205) Plaintiffs that have already

joined this action, all for the same reasons.[4]

**G.  The Court Should Facilitate Notice to All Potential Plaintiffs**

In <u>Hoffman-La Roche</u>, the United States Supreme Court held that "a district court has both a duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties." <u>Hoffman-La Roche</u>, 483 U.S. at 468.  It is this "duty" and "broad authority" that Plaintiffs requests this Honorable Court exercise with respect to the notification of the affected class.  In actions such as this, the exercise of such authority is "inevitable." <u>Id.</u> at 487.  Congress has clearly stated its policy supporting collective actions.  In <u>Hoffman-La Roche</u>, the Supreme Court noted that "Congress has stated its policy that ADEA plaintiffs should have the opportunity to proceed collectively.  A collective action allows age discrimination plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." <u>Id.</u> at 486.

Collective actions serve the dual interests of justice and efficient case management.  <u>Id.</u> Plaintiffs, Defendant and this Court would benefit through avoiding a multiplicity of duplicative suits, expediting the disposition of this action and reducing the attorneys' fees, costs and expenses associated with each affected individual having to pursue his or her own action.  <u>Id.</u> Judicial intervention at an early stage ensures timely, accurate and informative disclosure to all similarly situated employees.  <u>Id.</u>  Such disclosure will expedite the instant action by apprising Defendant as to the identity of all claimants at the earliest possible time.

The current and former employees of Defendant who are and were similarly situated to Plaintiffs are those current and former City of Camden law enforcement officers, employed by Defendant, and not paid overtime for all hours worked, and employed for any length of time

---

[4] The undersigned law firm will provide more Declarations if requested to do so.  Sixteen have been attached at this juncture, simply for judicial economy.

since April 12, 2009, (three (3) years prior to the filing of the instant lawsuit).  Individually, these employees have little or no (i) access to counsel, (ii) knowledge of the relevant terms and provisions of the FLSA or (iii) funds to finance a lawsuit seeking his/her legally required wages.

## H.  Notice is Appropriate for Additional Reasons

### 1.  Statute of Limitations Concerns

To deny notice to these individuals is tantamount to rewarding Defendant for its failure to compensate them in accordance with the FLSA since the claims of these individuals in all likelihood would never be pursued for a number of reasons, not the least of which is the expiration of the statute of limitations.  See 29 U.S.C. § 255.  In fact, each day that passes without these individuals filing their notice of consent is a windfall to Defendant because one more day of uncompensated hours is legally forfeited.

Unlike the statute of limitations for a putative class member in a Rule 23 class action, the statute of limitations for a putative collective action member is not tolled when the action is commenced.  See Redman v. U.S. West Business Resources, Inc., 153 F.3d 691, 695 (8th Cir. 1998).  Instead, the statute of limitations continues to run until the collective action member files his or her consent form.  Hoffman-La Roche, 483 U.S. at 464 (stating that "an opt-in class member's claim for relief under FLSA does not commence until the date the opt-in member's written consent to join the representative action is filed.").  In the FLSA context, judicial notice promotes the remedial purpose of §216(b) by preventing the erosion of claims due to the running of statutes of limitations.  See Beo v. BTB Servs., 2009 U.S. Dist. Lexis 18308 (S.D. Fla. Feb. 24, 2009) (stating that "Plaintiffs would be substantially prejudiced by the continued running of the statute of limitations absent conditional certification . . . .  [However,] Defendants will not be prejudiced . . . as they will have an opportunity to move for decertification.").

Furthermore, notice within a three-year statute of limitations period is appropriate in this case.  The FLSA allows plaintiffs to collect damages within a three-year statute of limitations if they can show, as alleged in the Complaint that the Defendant's violation of the FLSA was "willful" – meaning the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute."  See McLaughlin v. Richland Shoe Co., 486 U.S. 128, 132–33 (1988).

Here, the testimony of the Plaintiffs uniformly points to a known practice of failing to pay for all overtime hours worked by City of Camden law enforcement officers.  See Exhibit B. Thus, Defendant knowingly violated the law by engaging in a uniform practice where it failed to pay its law enforcement officers at a proper overtime rate that they knew were working and simply refused to pay them for the time that they worked that was reflected on the most accurate time records in Defendant's possession, mainly the Kronos time records.  See Exhibit B.  Such overtly unlawful conduct is nothing less than willful.

**2. Proposed Notice Tracks Judicial Notice Forms Approved By This Court in Other FLSA Cases**

Plaintiffs' proposed notice meets the requirement of Hoffman-LaRoche, that the notice be "timely, accurate, and informative."  Hoffman, 493 U.S. at 172.  Most importantly, court-supervised notice at this stage serves the beneficial purposes of collective actions by ending the piecemeal litigation – and instead offering a single, consolidated proceeding for all of Defendant's current and former law enforcement officers since April 12, 2009.

## CERTIFICATION PURSUANT TO THE LOCAL RULES OF THE DISTRICT OF NEW JERSEY

Pursuant to the Local Rules of the District of New Jersey, the undersigned represents that he has conferred in good faith with Defendant's counsel regarding the relief sought by this Motion and represents that Defendant's counsel objects to the relief sought herein.

<u>**CONCLUSION**</u>

This Motion seeks to protect the rights of current and former City of Camden law enforcement officers. Plaintiffs request permission to send these law enforcement officers notice under 29 U.S.C. § 216(b) to inform them of their right to join this case and allow them to decide whether to seek their unpaid overtime wages. Without the requested court-ordered notice, many law enforcement officers will never learn about this case, or may fear retaliation without Court supervision, and their viable claims will silently slip away under the FLSA's statute of limitations. Through the Defendant's consistent practices of failing to compensate these law enforcement officers for all overtime hours worked, there is a reasonable basis to conclude that Defendant has violated the Fair Labor Standards Act. As shown, this practice is generally applicable to the class, thereby making appropriate the same relief with respect to the class as a whole. Additionally, questions of law or fact common to all such similarly situated employees predominate over any questions affecting only individual members. Thus, a collective action is superior to other methods for the fair and efficient adjudication of this controversy.

Plaintiffs seek court-authorization to provide notice to the classes of similarly situated employees, based upon contact information to be ordered disclosed by Defendant, along with an appropriate consent form for employees similarly situated to join this action. Plaintiffs have attached a proposed form of notice as Exhibit "A" hereto and a proposed form of consent to join as Exhibit "B", all for the Court's consideration, as well as a proposed order granting this

motion.  See Rubery v. Buth-Na-Bodhaige, Inc., 569 F.Supp.2d 334 (W.D.N.Y. 2008); Adams v. Inter-Con Security Systems, 242 F.R.D. 530, 541-42 (N.D. Cal. 2007); Sherrill v. Sutherland Global Services, 487 F.Supp.2d 344 (W.D.N.Y. 2007).

WHEREFORE, Plaintiffs pray that this Court enter an Order (substantially in the form submitted with this Motion) requiring Defendant to produce the full name, date(s) and location(s) of employment, job title(s), address(es), date of birth, telephone number(s), and email address(es) for each of the class members; and authorizing notice (substantially in the form attached as Exhibit "A")  with the form of consent to join (substantially in the form attached as Exhibit "B") to the class members; and conditionally certifying the class of all current and former City of Camden law enforcement officers employed by Defendant from April 19, 2009, to the present.

Dated:  September 13, 2013                         Respectfully submitted,


/s Andrew I. Glenn
Andrew I. Glenn, Esq.
E-mail:  AGlenn@jaffeglenn.com
New Jersey Bar No.: 026491992
Jodi J. Jaffe, Esq.
E-mail: JJaffe@jaffeglenn.com
New Jersey Bar No.: 022351993
Jaffe Glenn Law Group, P.A.
66 Willow Avenue, Suite 1A
Hoboken, New Jersey 07037
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 13, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

## <u>SERVICE LIST</u>

**WILLIAM M. TAMBUSSI**
BROWN & CONNERY, LLP
360 HADDON AVENUE
PO BOX 539
WESTMONT, NJ 08108
(856) 854-8900
Email: wtambussi@brownconnery.com
*Attorney for Defendant*

**KAREN A. MCGUINNESS**
BROWN & CONNERY, LLP
360 HADDON AVENUE
PO BOX 539
WESTMONT, NJ 08108
(856) 854-8900
Email: kmcguinness@brownconnery.com
*Attorney for Defendant*

**GINA MARIE ROSWELL**
BROWN & CONNERY LLP
360 HADDON AVENUE
WESTMONT, NJ 08108
856-854-8900
Email: groswell@brownconnery.com
*Attorney for Defendant*

**THERESE MARY TARASCHI**
BROWN & CONNERY, LLP
360 HADDON AVENUE
P.O. BOX 539
WESTMONT, NJ 08108
(856) 854-8900
Email: ttaraschi@brownconnery.com
*Attorney for Defendant*