**Brown & Connery, LLP**
By: William M .Tambussi, Esquire
      Gina M. Roswell, Esquire
      Therese M. Taraschi, Esquire
360 Haddon Avenue
P.O. Box 539
Westmont, New Jersey 08108
(856) 854-8900
Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EDGAR FELICIANO, ROBERT CHEW, and XEMARIL CRUZ,** | **(Document Electronically Filed)** |
| **Plaintiffs,** | **Civil Action No. 1:12-cv-02213-AMD** |
| **v.** | |
| **CITY OF CAMDEN,** | **Returnable: October 7, 2013** |
| **Defendant.** | |

---

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR
CONDITIONAL CERTIFICATION OF THE COLLECTIVE ACTION AND
IN SUPPORT OF DEFENDANT'S CROSS-MOTION TO DISMISS
COUNT II OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

---

<u>**TABLE OF CONTENTS**</u>

TABLE OF AUTHORITIES .......................................................................... iii

PRELIMINARY STATEMENT ......................................................................1

LEGAL ARGUMENT.....................................................................................2

I.    <u>PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF THE COLLECTIVE ACTION MUST BE DENIED BECAUSE PLAINTIFFS HAVE FAILED TO ESTABLISH THAT THEY ARE SIMILARLY SITUATED TO THE PUTATIVE CLASS</u>.................................................................................2

        A.    THE FAIR LABOR STANDARDS ACT ....................................3

        B.    STANDARD FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION....................................................3

        C.    PLAINTIFFS HAVE FAILED TO MAKE A SHOWING THAT THERE IS A CLASS OF SIMILARLY SITUATED PLAINTIFFS FOR PURPOSES OF CERTIFICATION OF A COLLECTIVE ACTION.........6

            1.    Plaintiffs' Have Failed to Identify Any Specific Policy Requiring Uncompensated Pre- and Post-Shift Work or the Name of the Supervisor(s) Who Implemented the Policy ....................................7

            2.    Plaintiffs Have Failed to Cite Any Specific Policy Prohibiting Supervisors From Approving Overtime Requests for Pre- and Post-Shift Work or the Names of Other Supervisors Who Were Required to Follow the Same Policy .............................................10

            3.    Plaintiffs Have Failed to Provide the Names of Other Police Officers Who Were Similarly Affected By the Alleged Policy Requiring Uncompensated Pre- and-Post Shift Work, the Year in Which These Police Officers Worked, or the Job Descriptions For the Work Performed....................................................................11

            4.    Plaintiffs Have Failed to Provide the Basis For Their Knowledge That Other Police Officers Were Required to Comply With the Alleged Policy Requiring Uncompensated Pre- and Post-Shift Work and Were Similarly Denied Proper Overtime Compensation ......................................................................13

D.      PLAINTIFFS' OFF-THE-CLOCK CLAIMS FOR UNPAID OVERTIME WORK PERFORMED OUTSIDE OF THEIR REGULARLY SCHEDULED HOURS REQUIRE SIGNIFICANT INDIVIDUALIZED INQUIRIES AND, THUS, ARE INAPPROPRIATE FOR A COLLECTIVE ACTION..........................................................................16

E.      PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION MUST BE DENIED BECAUSE THEY CANNOT ESTABLISH THAT ALL PURPORTED CLASS MEMBERS WORKED IN EXCESS OF 86 HOURS, BECAUSE CLAIMS FOR OVERTIME WORKED LESS THAN 86 HOURS ARE NOT COMPENSABLE UNDER THE FLSA, AND BECAUSE PLAINTIFFS' CLAIMS REQUIRE SIGNIFICANT INDIVIDUALIZED INQUIRIES.............................................................17

II.     IN THE EVENT THE COURT GRANTS PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION, THE PROPOSED NOTICE SHOULD NOT BE APPROVED IN ITS CURRENT FORM AND THE APPLICABLE STATUTE OF LIMITATIONS SHOULD BE TWO YEARS ......................................................22

A.      PLAINTIFFS' PROPOSED NOTICE IS DEFICIENT BECAUSE IT IMPROPERLY IDENTIFIES THE PUTATIVE CLASS AND DOES NOT ADEQUATELY ADVISE OF THE LEGAL RAMIFICATIONS OF FAILING TO OPT INTO THE LAWSUIT ..............................................22

B.      PLAINTIFFS' CLAIMS ARE SUBJECT TO A TWO YEAR STATUTE OF LIMITATIONS BECAUSE THE CITY'S ALLEGED IMPROPER CONDUCT CANNOT BE CHARACTERIZED AS "WILLFUL" UNDER THE FLSA ...............................................................................23

III.    THE CITY OF CAMDEN'S CROSS-MOTION TO DISMISS COUNT II OF PLAINTIFFS' SECOND AMENDED COMPLAINT MUST BE GRANTED BECAUSE THE CITY IS NOT AN "EMPLOYER" WITHIN THE MEANING OF THE NEW JERSEY WAGE AND HOUR LAW ......................................................27

A.      STANDARD FOR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ...............................................................27

B.      COUNT II OF PLAINTIFFS' SECOND AMENDED COMPLAINT FAILS, ON ITS FACE, TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE THE CITY OF CAMDEN IS NOT AN "EMPLOYER" UNDER THE NJWHL ..................................................28

CONCLUSION...........................................................................................................................30

2018699.1

## <u>TABLE OF AUTHORITIES</u>

### FEDERAL CASES

<u>Albanese v. Bergen Cnty., N.J.</u>, 991 F. Supp. 410 (D.N.J. 1997) .................................................23

<u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680 (1946) .................................................19, 26

<u>Anyere v. Wells Fargo Co.</u>, Civil Action No. 09-2769, 2010 WL 1542180 (N.D. Ill. Apr. 12, 2010) ...........................................................................................................................................5

<u>Armstrong v. Weichert Realtors</u>, Civil Action No. 05-3120, 2006 WL 1455781 (D.N.J., May 19, 2006) ..............................................................................................................4, 7, 12, 13

<u>Bramble v. Wal-Mart Stores, Inc.</u>, Civil Action No. 09-4932, 2011 WL 1389510 (E.D. Pa. Apr. 12, 2011) ......................................................................................................................................27

<u>Brown v. ScriptPro, LLC</u>, 700 F.3d 1222 (10th Cir. 2012) ...........................................................25

<u>Brubach v. City of Albuquerque</u>, 893 F. Supp. 2d 1216 (D.N.M. 2012) ......................................19

<u>Camesi v. Univ. of Pittsburgh Med. Cntr.</u>, Civil Action No. 12-1446, --- F.3d ---, 2013 WL 4734027 (3d Cir. Sept. 4, 2013)....................................................................................................5

<u>Commonwealth of Pennsylvania v. PepsiCo, Inc.</u>, 836 F.2d 173 (3d Cir. 1988)..........................28

<u>Davis v. Charoe Pokphand (USA), Inc.</u>, 303 F.Supp.2d 1272 (M.D. Ala. 2004).....................6, 11

<u>Diaz v. Electronics Boutique of Am., Inc.</u>, Civil Action No. 04-CV-0840E (SR), 2005 WL 2654270 (W.D.N.Y. Oct. 17, 2005)...........................................................................................16, 17

<u>Dole v. Solid Waste Servs., Inc.</u>, 733 F. Supp. 895 (E.D. Pa. 1989) <u>aff'd</u>, 897 F.2d 521 (3d Cir. 1990); <u>aff'd sub nom.</u> <u>Appeal of Solid Waste Servs., Inc.</u>, 897 F.2d 524 (3d Cir. 1990) .............24

<u>Dreyer v. Altchem Environmental Services, Inc.</u>, No. 6–2393, 2007 WL 7186177 (D.N.J. Sept. 25, 2007) ...................................................................................................................................6, 14

<u>Emcore Corp. v. PriceWaterhouseCoopers LLP</u>, 102 F. Supp. 2d 237 (D.N.J. 2000).................28

<u>England v. New Century Fin. Corp.</u>, 370 F. Supp. 2d 504 (M.D. La. 2005)................................17

<u>Evancho v. Sanofi-Aventis U.S. Inc.</u>, Civil Action No. 07-2266 (MLC), 2007 WL 4546100 (D.N.J. Dec. 19, 2007) ..............................................................................................................5, 6

<u>Forrester v. Roth's I. G. A. Foodliner, Inc.</u>, 646 F.2d 413 (9th Cir. 1981)...................................25

Harris v. Healthcare Servs. Group, Inc., Civil Action No. 06–2903, 2007 WL 2221411 (E.D. Pa. July 31, 2007)..........................................................................................................................12

Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165 (1989)...........................................................21

H.R. Block, Ltd. v. Housden et al., 186 F.R.D. 399 (E.D. Tex. 1999)...........................................6

Koelker v. Mayor & City Council of Cumberland, Md., 599 F. Supp. 2d 624 (D. Md. 2009).....21

Kronick v. bebe Stores, Inc., Civil Action No. 07-4514 (RBK), 2008 WL 4546368 (D.N.J. Oct. 2, 2008) .................................................................................................................................5, 14

Krstic v. J.R. Contr. & Environ. Consul., Civil Action No. 09–CV–2459, 2010 WL 395953 (D.N.J. Feb. 4, 2010)..........................................................................................................6, 12, 13

Lawrence v. City of Philadelphia, Pennsylvania, Civil Action No. 03-CV-4009, 2004 WL 945139 (E.D. Pa. Apr. 29, 2004) ..........................................................................................16, 18

Martin v. Selker Bros., Inc., 949 F.2d 1286 (3d Cir. 1991)..........................................................24

McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988)..............................................................24

Moeck v. Gray Supply Corp., 03-1950 (WGB), 2006 WL 42368 (D.N.J. Jan. 6, 2006) ..........5, 10

Morisky v. Public Serv. Elec. & Gas Co., 111 F. Supp. 2d 493 (D.N.J. 2000)........................4, 22

Mumbower v. Callicott, 526 F.2d 1183 (8th Cir.1975) ................................................................26

Nami v. Fauver, 82 F.3d 63 (3d Cir. 1996)...................................................................................28

O'Brien v. Town of Agawam, 350 F.3d 279, 291 (1st Cir. 2003)..................................................20

Oakes v. Com. of Pa., 871 F. Supp. 797 (M.D. Pa. 1995)............................................................24

Rogers v. Ocean Cable Grp. Inc., Civil Action No. 10-4198 (NLH) (KMW), 2011 WL 6887154 (D.N.J. Dec. 29, 2011) ......................................................................................................5, 8, 9, 11

Saleen v. Waste Mgmt., Inc., 649 F. Supp. 2d 937 (D. Minn. 2009) ...............................7, 8, 9, 15

Symczyk v. Genesis HealthCare Corp., 656 F.3d 189 (3d Cir. 2011)............................................4

Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc., 140 F.3d 478 (3d Cir. 1998) ........28

Vadino v. A. Valey Eng'rs, 903 F.2d 253 (3d Cir. 1990)...............................................................21

West v. Border Foods, Inc., 2006 WL 1892527 (D. Minn. 2006)................................................17

iv

White v. Rick Bus Co., 743 F.Supp.2d 380 (D.N.J. 2010)................................................4, 5, 11, 13

Wombles v. Title Max of Ala., Inc., 2005 WL 3312670 (M.D. Ala. Dec. 7, 2005).....................21

Zavala v. Wal Mart Stores, Inc., 691 F.3d 527 (3d Cir. (N.J.) 2012)...........................4, 5, 6, 7, 16

## FEDERAL RULES AND STATUTES

29 U.S.C. §201....................................................................................................................................1

29 U.S.C. §202....................................................................................................................................3

29 U.S.C. §206(a)...............................................................................................................................3

29 U.S.C. §207(a)...............................................................................................................................3

29 U.S.C. §207(k)..........................................................................................................................3, 19

29 U.S.C. §207(k)(2).........................................................................................................................19

29 U.S.C. §216(b)...............................................................................................................................3

29 U.S.C. §255(a).......................................................................................................................23, 24

29 C.F.R. §553.211...........................................................................................................................20

29 C.F.R. §553.224...........................................................................................................................20

29 C.F.R. §553.230(c).............................................................................................................3, 19, 20

29 C.F.R. §790.21(b).........................................................................................................................23

Fed. R. Civ. P. 12(b)(6)...................................................................................................ii, 2, 27, 28

## STATE CASES

Allen v. Fauver, 327 N.J. Super. 14 (App. Div. 1999), aff'd, 167 N.J. 69 (2001) ........ 28, 29, FN7

## STATE RULES AND STATUTES

N.J.S.A. §34:11-56a.............................................................................................................................1

N.J.S.A. §34:11-56a1(g).....................................................................................................................28

N.J.S.A. §34:13A-3(c) ............................................................................................................. 29, FN7

N.J.S.A. §10:5-5(e) .................................................................................................................. 29, FN7

v

## <u>PRELIMINARY STATEMENT</u>

On March 7, 2013, Plaintiffs, Edgar Feliciano, Robert Chew and Xemaril Cruz
(collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, instituted a
Second Amended Class and Collective Action Complaint ("Second Amended Complaint") in the
United States District Court for the District of New Jersey against Defendant, City of Camden
(the "City"), alleging that the City violated the Fair Labor Standards Act, 29 <u>U.S.C.</u> §201 et seq.
("FLSA"), by failing to pay them, as well as the members of their proposed collective action
group, overtime at "time and one-half their regular rate of pay for their overtime hours worked in
a work period." <u>See</u> Docket Entry No. 186, Second Amended Complaint at ¶40. Plaintiffs also
allege that the City failed to pay "overtime compensation at rates not less than one and one-half
times the regular rate of pay for all overtime hours worked by them in a workweek" in violation
of the New Jersey Wage and Hour Law ("NJWHL"), <u>N.J.S.A.</u> 34:11-56a, et seq. <u>Id.</u> at ¶45.

After the parties exchanged initial written discovery responses and documents, including
over 150,000 documents produced by the City, Plaintiffs filed a Motion for Conditional
Certification of the Collective Action and Request for Expedited Court Authorized Notice to
Prospective FLSA Collective Action Members ("Motion for Conditional Certification") on
September 13, 2013.  Plaintiffs identify the putative collective action group as follows:

> All employees, employed for any length of time since April 12, 2009, that held
> non-exempt law enforcement officer positions, that were paid an hourly wage,
> and were involved in the protection of the City of Camden, on behalf of
> Defendant, throughout the State of New Jersey.

<u>See</u> Plaintiffs' Moving Brief at p. 3. The City now opposes the Motion for Conditional
Certification on the grounds that Plaintiffs have failed to make a sufficient showing that they are
"similarly situated" to the collective group they seek to represent. In particular, they have failed
to identify any (1) City policy that violates the FLSA, (2) potential opt-in Plaintiff by name and

1

(3) have failed to articulate with any particularity the basis for their belief as to the potential claims held by the supposed Opt-in Plaintiffs. Instead, Plaintiffs' efforts to justify notice to the proposed collective group rest <u>solely</u> on broad-brushed conclusory statements in 14 declarations.[1] Furthermore, collective treatment in a case of this nature is improper due to the individualized nature of the claims being asserted. Plaintiffs simply have submitted no factual nexus for this Court to infer that a class of similarly situated City of Camden law enforcement officers exists.

With respect to Plaintiffs' claims under the NJWHL, the City files contemporaneously herewith its Cross-Motion to Dismiss Count II of Plaintiffs' Second Amended Complaint ("Cross-Motion"), on the grounds that it fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, the City does not fall within the statutory definition of "employer" under the NJWHL and, therefore, is not bound by the statute and its requirements.

For these and other reasons set forth in detail below, the City respectfully submits that this Court should deny Plaintiffs' Motion for Conditional Certification and grant the City's Cross-Motion to dismiss Count II of the Second Amended Complaint, with prejudice.

<strong><u>LEGAL ARGUMENT</u></strong>

**I.** **<u>PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF THE COLLECTIVE ACTION MUST BE DENIED BECAUSE PLAINTIFFS HAVE FAILED TO ESTABLISH THAT THEY ARE SIMILARLY SITUATED TO THE PUTATIVE CLASS</u>**

Plaintiffs' Motion for Conditional Certification must be denied because Plaintiffs have failed to satisfy the preliminary threshold for conditional class certification. That is, they have

---

[1] To date, there are approximately 200 Plaintiffs, yet only 14 declarations were submitted. Additionally, Plaintiffs' reference to 16 declarations throughout their Moving Brief is incorrect, as only 14 were submitted.

2

not established that they are "similarly situated" to the putative class. Without making such a rudimentary showing, Plaintiffs' claims cannot proceed.

## A.     THE FAIR LABOR STANDARDS ACT

The FLSA establishes certain minimum wage and overtime requirements that employers must pay to covered employees. See 29 U.S.C. §§202, 206(a) and 207(a). In certain circumstances, law enforcement officers are subject to different overtime rates under §207(k) of the FLSA. See 29 U.S.C. §207(k). In particular, as relevant here, law enforcement offers are not entitled to overtime pay under the FLSA unless and until they work in excess of 86 hours in a 14-day work period. See 29 C.F.R. 553.230(c). A covered employee who believes he is not adequately compensated may bring a claim against his employer under the FLSA for unpaid minimum wages or overtime as well as liquidated damages. See 29 U.S.C. §216(b). This provision also provides the employee with an avenue to pursue a "collective action" on behalf of himself and other employees who are "similarly situated." Id. Although the FLSA does not define the phrase "similarly situated," courts throughout the United States have developed ample case law establishing the guidelines and requirements for pursuit of a collective action.

## B.     STANDARD FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION

By virtue of the FLSA, an action may be brought "by one or more employees for and on behalf of himself or themselves and other employees similarly situated" against an employer believed to have violated certain provisions of the Act. See 29 U.S.C. §216(b). As opposed to the traditional opt-out class action lawsuit, a FLSA collective action requires potential collective action members to file a written consent with the court to opt in to the case. Id. Plaintiffs seeking to pursue a collective action under the FLSA must first obtain conditional certification of the

collective action from the district court and must satisfy certain requirements. See Morisky v. Public Serv. Elec. & Gas Co., 111 F. Supp. 2d 493 (D.N.J. 2000).

A plaintiff seeking court approval of a FLSA collective action bears the burden of proving that he is "similarly situated" to the remainder of the potential class members. See Morisky, 111 F. Supp. 2d at 496. The term "similarly situated" is not defined by the FLSA or its regulations. Nevertheless, Courts within this District have "generally explicitly adopted or implicitly recognized a two-step approach." Morisky, 111 F.Supp.2d at 497 (citation omitted). The Third Circuit, most importantly, has expressly adopted this approach. See Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 193, n.5 (3d Cir. 2011) (reversed on other grounds) (implicitly embracing the two-step approach) and Zavala v. Wal Mart Stores, Inc., 691 F.3d 527, 536 (3d Cir. (N.J.) 2012) (confirming the Third Circuit's reliance on the two-step approach).

At the first step of the inquiry – the "notice stage" – the plaintiff must demonstrate that he and all of the other proposed collective action members are sufficiently similarly situated to justify issuing notice of the action. See Morisky, 111 F.Supp.2d at 497; see also Exhibit A, Armstrong v. Weichert Realtors, Civil Action No. 05-3120, 2006 WL 1455781, *1 (D.N.J., May 19, 2006).[2]  If the plaintiff can meet this burden, a court may conditionally certify the class for purposes of notice and discovery concerning the opt-in plaintiffs. See White v. Rick Bus Co., 743 F.Supp.2d 380, 286 (D.N.J. 2010). At the second step of the inquiry, after "discovery is largely complete and the case is ready for trial," the court makes a final determination as to whether the plaintiff is actually sufficiently similarly situated to his or her putative collective action members to permit the case to proceed as a collective action.  Morisky, 111 F. Supp.2d at 497. The standard for step one of the inquiry is generally less stringent than the standard

---

[2] All unpublished opinions cited herein are attached as a separate Exhibit to the Declaration of Gina M. Roswell, Esquire submitted herewith.

employed at the second step. <u>See</u> Exhibit B, <u>Evancho v. Sanofi-Aventis U.S. Inc.</u>, Civil Action No. 07-2266 (MLC), 2007 WL 4546100, *2 (D.N.J. Dec. 19, 2007). However, conditional certification is not by any means automatic and requires more than the bare allegations of the collective action complaint and vague, conclusory statements in support thereof. <u>Id.</u>

The Third Circuit has expressly adopted the "modest factual nexus" standard in determining whether to grant conditional certification in FLSA actions, requiring plaintiffs to produce "some evidence, 'beyond mere speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees."  <u>See</u> Exhibit C, <u>Camesi v. University of Pittsburgh Medical Center</u>, Civil Action No. 12-1446, --- F.3d ---, 2013 WL 4734027, *1 (3d Cir. Sept. 4, 2013), citing <u>Zavala</u>, <u>supra</u>, 691 F.3d at 536 & n.4. Submission of declarations in support of a request for conditional certification is generally acceptable. <u>See</u> Exhibit D, <u>Anyere v. Wells Fargo Co.</u>, Civil Action No. 09-2769, 2010 WL 1542180, at *2 (N.D. Ill. Apr. 12, 2010). However, the declarations must set forth more than vague, conclusory statements and, instead, must provide (1) citation to a widespread policy in violation of the FLSA, (2) the names of supervisors implementing the policy, (3) the names of other officers similarly affected, and (4) the basis for their knowledge of other officers' situations. <u>See</u> Exhibit E, <u>Rogers v. Ocean Cable Grp. Inc.</u>, Civil Action No. 10-4198 (NLH) (KMW), 2011 WL 6887154 (D.N.J. Dec. 29, 2011); <u>White</u>, <u>supra</u>, 743 F. Supp. 2d 380; Exhibit F, <u>Kronick v. bebe Stores, Inc.</u>, Civil Action No. 07-4514 (RBK), 2008 WL 4546368 (D.N.J. Oct. 2, 2008); Exhibit G, <u>Moeck v. Gray Supply Corp.</u>, 03-1950 (WGB), 2006 WL 42368 (D.N.J. Jan. 6, 2006). "[U]nsupported allegations of widespread violations are not sufficient," but, rather, plaintiffs must demonstrate "a factual nexus between their situation and the situation of other current and former employees sufficient to determine that they are similarly

situated." <u>Evancho</u>, 2007 WL 4546100 at *2. Likewise, a plaintiff's stated belief in the existence of other employees who desire to opt-in and "unsupported expectations that additional plaintiffs will subsequently come forward" is insufficient. <u>See</u> <u>Davis v. Charoe Pokphand (USA), Inc.</u>, 303 F.Supp.2d 1272, 1277 (M.D. Ala. 2004). In other words, Plaintiffs cannot satisfy their burden of proof by offering conclusory, unsupported assertions of widespread FLSA violations. <u>H.R. Block, Ltd. v. Housden et al.</u>, 186 F.R.D. 399, 400 (E.D. Tex. 1999).

In accordance with the foregoing, Plaintiffs here are required to submit more than sparse allegations and blanket assertions of FLSA violations to obtain conditional certification of the collective action. For the reasons set forth below, Plaintiffs have failed to meet this burden and, accordingly, their Motion for Conditional Certification should be denied.

### C. PLAINTIFFS HAVE FAILED TO MAKE A SHOWING THAT THERE IS A CLASS OF SIMILARLY SITUATED PLAINTIFFS FOR PURPOSES OF CERTIFICATION OF A COLLECTIVE ACTION

When a plaintiff fails to satisfy his burden of establishing the existence of similarly situated plaintiffs, district courts are free to deny a request for conditional certification. Indeed, "[i]n spite of the modest [factual nexus] evidentiary standard, courts have not hesitated to deny conditional certification when evidence is lacking." <u>See</u> Exhibit H, <u>Dreyer v. Altchem Environmental Services, Inc.</u>, No. 6–2393, 2007 WL 7186177 at *3 (D.N.J. Sept. 25, 2007). <u>See</u> Exhibit I, <u>Krstic v. J.R. Contr. & Environ. Consul.</u>, Civil Action No. 09–CV–2459, 2010 WL 395953 (D.N.J. Feb. 4, 2010) (denying conditional certification where complaint failed to allege dates, job functions, or employee descriptions relating to plaintiff's overtime FLSA claim).

To be considered "similarly situated," Plaintiffs here must present evidence that they were subjected to a common employer pay policy, practice, or decision that violated the FLSA. <u>See</u> <u>Zavala</u>, <u>supra</u>, 69 F.3d at 538. Furthermore, Plaintiffs must present evidence of a factual

nexus between the manner in which the alleged pay policy affected them and the manner in which it affected other employees. See Zavala, supra, 691 F.3d at 536 n.4. Based on the proofs submitted in support of the instant Motion, Plaintiffs have failed to satisfy their burden.

In their declarations, Plaintiffs focus on the City's failure to pay overtime compensation for pre- and post-shift work. However, they have not identified any particular written policy prohibiting compensation for this type of work, have not identified any superiors implementing or otherwise enforcing the alleged policy, have not identified any other police officers by name who were similarly affected by the alleged policy, and have not provided the basis for their understanding of other officers' financial situations to substantiate their belief that other officers were impacted by the City's alleged failure to pay proper overtime. Instead, Plaintiffs' declarations contain only vague, general and unsubstantiated allegations that the City had a policy of not paying for pre- and post-shift work that affected virtually everyone in the police department and, as a result, failed to properly compensate everyone for all overtime hours.

**1. Plaintiffs' Have Failed to Identify Any Specific Policy Requiring Uncompensated Pre- and Post-Shift Work or the Name of the Supervisor(s) Who Implemented the Policy**

"Any two people who work at the same time for the same employer are going to be subject to some common policies. That does not mean that a class may be conditionally certified any time two employees of the same company bring an FLSA action." Saleen v. Waste Mgmt., Inc., 649 F. Supp. 2d 937, 940 (D. Minn. 2009). Rather, putative collective action members must be victims of a single decision, policy, or plan. Id. To be awarded conditional certification of a collective action, plaintiffs must offer proof that such a decision, policy or plan exists. See Armstrong, supra, 2006 WL 1455781, *2 ("[I]n the absence of any supporting factual assertions…[the Court will not] infer the existence of a company policy that would be expected

to result in a class of similarly situated loan officers."). Failure to do so may result in denial of conditional certification.

In Rogers, supra, employees brought a collective action against their employer under the FLSA for unpaid overtime, consisting of 30 minutes or more at the beginning and end of every day, working through lunch, et cetera. See 2011 WL 6887154 at *2. In denying conditional certification, this Court reasoned that, although there were some similarities between the named plaintiffs and the putative class members, their failure to identify a specific policy violating the FLSA which affected all employees was fatal to their request for conditional certification. Id. at *4.

Likewise, in Saleen, employees brought a collective action under the FLSA for unpaid overtime, consisting of the automatic deduction of a 30-minute meal break from the employer's timekeeping system. See 649 F. Supp. 2d 937 at 940. The plaintiffs alleged their employer had a process and written policy for employees to "reverse" the meal-break deduction when they worked through lunch, but enforced an unwritten policy that discouraged and refused to honor reversal requests. Id. In denying conditional certification, this Court found that the employees failed to offer direct evidence that their employer adopted an unwritten policy of not paying for worked meal breaks and, instead, presented only circumstantial evidence in the form of 112 declarations and a number of depositions, alleging that they and their co-workers were pressured to work through meal breaks, uncompensated, suggesting that the unwritten policy existed. Id. Thus, this Court held that, the "mere fact that a small fraction of employees allege that they did not receive compensation to which they were entitled provides almost no evidence that the reason that these employees were unpaid was because of an unlawful companywide policy." Id. at 941.

Here, despite Plaintiffs' allegations that they regularly performed uncompensated pre- and post-shift work due to an employer policy that overtime would not be paid for this time, like the plaintiffs in <u>Rogers</u> and <u>Saleen</u>, their declarations are insufficient because they fail to cite any specific policy or supervisor who implemented the alleged policy. Instead, a number of Plaintiffs simply provide conclusory statements that the City had a policy of not paying overtime for pre- and post-shift work. For example, several opt-in Plaintiffs provide a version of the following:

> "It was the City's policy not to pay all of the overtime for pre and post shift work[3] and not to pay for work performed on our days off, even though the City knew we were working." <u>See</u> Declaration of Xemaril Cruz.

<u>See also</u> Declarations of Stephen Gracia, Penny Gracia, Jose Morales, Anthony Moffa, Tyree Nobles, John Sosinavage, and Harry Leon.[4] The remaining Plaintiffs indicate they were told pre- and post-shift work would not be paid and they could not submit overtime slips for this work time, without indicating who communicated this information to them. The declarations of these Opt-in Plaintiffs all contained a version of the following:

> "Although the City had a procedure for getting paid overtime, to submit overtime slips, I was told that pre and post shift work time would not get paid and that I should not submit overtime slips for this work." <u>See</u> Declaration of Raymond Lopez.

<u>See also</u> Declarations of Edwin Ramos, George Reese and John Gramaglia.

Consistent with the holdings in <u>Rogers</u> and <u>Saleen</u>, in failing to identify the particular policy they allege violated the FLSA, or identifying the supervisor(s) who implemented or otherwise advised them of the policy, Plaintiffs have given this Court a basis to deny their Motion for Conditional Certification.

---

[3] In their declarations, Plaintiffs have largely failed to identify or otherwise define what "pre- and post-shift work" entails.
[4] References to Plaintiffs' Declarations are to Exhibit B, attached to Plaintiffs' Moving Brief.

**2.**   **Plaintiffs Have Failed to Cite Any Specific Policy Prohibiting Supervisors From Approving Overtime Requests for Pre- and Post-Shift Work or the Names of Other Supervisors Who Were Required to Follow the Same Policy**

Plaintiffs Sosinavage and Moffa have alleged that, in their supervisory capacity, they were prohibited from approving overtime for pre- and post-shift work. Like the rest of the declarants, they have not cited to a specific policy or identified any other supervisors who were bound by the same policy. This is fatal to their Motion.

In <u>Moeck</u>, <u>supra</u>, plaintiffs filed suit under the FLSA, alleging their employer failed to pay them overtime for 30 minutes of work at the beginning and end of each shift ("free time"). <u>See</u> 2006 WL 42368 at *1. In denying conditional certification, this Court found a lack of evidence that the proposed class was "similarly situated" or victims of a single policy or plan because, even though plaintiffs established that one supervisor required his workers to work free time, "[p]laintiffs failed to establish that *other* supervisors employed the same policies." <u>Id.</u> at *5 (emphasis added).

Here, although Opt-in Plaintiffs Sosinavage and Moffa have declared they were not permitted to approve overtime requests for pre- and post-shift work while acting as supervisors, they failed to identify a specific policy that required them to deny these requests, the name of the superior(s) implementing or otherwise articulating the alleged policy or, like the plaintiffs in <u>Moeck</u>, any other supervisors who were bound by the same policy. Instead, Sosinavage and Moffa have made the following vague, general, and unspecified allegations:

> "When I was in a supervisory capacity, as a sergeant, lieutenant, captain, I was not allowed to approve overtime slips for officers' pre and post shift work, per the City." <u>See</u> Declaration of John Sosinavage.

> "When I was in a supervisory capacity with Defendant, I was not supposed to approve pre and post shift overtime slips presented by the officers for this pre shift, fifteen to twenty (15 to 20) minutes worked. It was an unwritten policy that

10

pre and post shift work performed would not get paid by Defendant." <u>See</u> Declaration of Anthony Moffa.[5]

Accordingly, Plaintiffs have provided this Court with another basis to deny their Motion.

> ### 3. Plaintiffs Have Failed to Provide the Names of Other Police Officers Who Were Similarly Affected By the Alleged Policy Requiring Uncompensated Pre- and-Post Shift Work, the Year in Which These Police Officers Worked, or the Job Descriptions For the Work Performed

Failure to identify potential plaintiffs by name may result in denial of a motion for conditional certification. Indeed, the right to proceed collectively may be foreclosed where plaintiffs submit only "unsupported expectations that additional plaintiffs will subsequently come forward." <u>Davis</u>, <u>supra</u>, 303 F. Supp. 2d at 1277. <u>See also</u> <u>Rogers</u>, <u>supra</u>, 2011 WL 6887154 at *4 (where plaintiffs failed to produce any evidence they had personal knowledge or otherwise observed other employees actually working in excess of 40 hours in a given week, this Court refused to assume that, because the named plaintiffs worked in excess of 40 hours, other employees must have as well).

In <u>White</u>, <u>supra</u>, bus drivers filed a collective action against their employer for violations of the FLSA, alleging they were not paid their full wages due to their employer's practice of rounding hours. <u>See</u> 743 F. Supp. 2d at 382-83. In denying conditional certification, this Court found that the Complaint contained "mere generalizations and legal conclusions," failing to set forth "any relevant facts for the Court to consider, such as the names of any similarly situated employees, the years in which those employees worked" or the job descriptions for the work performed, all "basic facts…readily ascertainable at the pleading stage" and noticeably absent. <u>Id.</u> at 389. Likewise, plaintiffs' Certification was insufficient because it contained the "the same sort of blanket assertions without factual matter," and merely conclusory statements that other

---

[5] To the contrary, Sosinavage and Moffa routinely authorized overtime for several Plaintiffs for time worked less than 30 minutes. <u>See</u> Exhibit J, sampling of overtime slips.

similarly situated employees were denied overtime, based on conversations the certifying plaintiff had with other employees and comparison of their weekly pay checks. Id.  However, to his detriment, the plaintiff did not identify any of the employees by name and attached no certifications or affidavits from those unnamed sources. Id. at 384. Finally, this Court noted that, not only was the Certification deficient in content, but it was based purely upon inadmissible hearsay, which cannot be relied upon in deciding a conditional certification motion. Id. at 389. See also Krstic, supra, 2010 WL 395953 (denying conditional certification where complaint failed to allege dates, job functions, or employee descriptions relating to plaintiff's overtime FLSA claim). But see Exhibit K, Harris v. Healthcare Servs. Group, Inc., Civil Action No. 06–2903, 2007 WL 2221411 (E.D. Pa. July 31, 2007) (granting preliminary certification based on four employee affidavits and two attorney affidavits that detailed pay history of five other employees, including references to specific complaints to employer and its responses).

Similarly, in Armstrong, supra, this Court denied conditional certification where the plaintiff's supporting declaration contained only "vague, general statements about 'all Loan Officers employed by Weichert Realtors,' but [did] not define who he is referring to and how he has knowledge of them." 2006 WL 1455781 at *2. That is, the declaration was devoid of any specific statements regarding particular employees who were required to perform unpaid overtime and, accordingly, this Court had no factual basis to conclude that all other loan officers were required to perform unpaid overtime work. Id.

Here, Plaintiffs have presented no facts or evidence to support their position that the alleged policy requiring uncompensated pre- and post-shift work was applicable to all City police officers and, instead, present only conclusory statements about "most" police officers. For example, each of the Plaintiffs' declarations contains some version of the following:

> "Most officers reported to work before their shift and began work and similarly did not get paid for pre shift time spent working." <u>See</u> Declaration of Anthony Moffa.

> "Like me, most City police officers, worked before their shift or after their shift like me, my fellow officers were not paid or were paid improperly for pre and post shift work." <u>See</u> Declaration of Tyree Nobles.[6]

Not one of the declarants have identified even a single other police officer by name who was affected by the alleged policy or had the same experiences. Instead, like the plaintiffs in <u>Armstrong</u>, the declarants here have provided only vague, general statements about all or most police officers employed by the City. Moreover, like the plaintiffs in <u>White</u> and <u>Krstic</u>, in their Second Amended Complaint and declarations accompanying the subject motion, Plaintiffs fail to provide the year in which these police officers worked, or the job descriptions for the work performed, information which is basic and certainly ascertainable at the pleadings stage. <u>See</u> <u>White</u>, 743 F. Supp. 2d at 389. Accordingly, Plaintiffs have provided this Court with yet another basis to deny their Motion.

    **4. Plaintiffs Have Failed to Provide the Basis For Their Knowledge That Other Police Officers Were Required to Comply With the Alleged Policy Requiring Uncompensated Pre- and Post-Shift Work and Were Similarly Denied Proper Overtime Compensation**

Failure to substantiate the basis for a claim that other employees were affected by a pay policy in violation of the FLSA may result in the denial of a motion for conditional certification.

---

[6] Notably, there are several discrepancies between Plaintiffs' declarations regarding overtime compensation: officers were not paid **at all**; officers were paid **improperly**; **almost every week** overtime was not paid; pre- and post- shift time was **rarely** paid. <u>See</u> Declarations of Moffa, Nobles, Cruz and Leon. Some Plaintiffs have also alleged they were not permitted to submit requests for overtime for time worked less than 60, 30 or 15 minutes. <u>See</u> Exhibit L, sampling of Interrogatory responses and overtime slips, which expressly disprove those allegations. If the Plaintiffs providing declarations and discovery responses so far have conflicting stories, it simply cannot be the case that they – and future Opt-in Plaintiffs – are similarly situated.

In <u>Dreyer</u>, <u>supra</u>, plaintiffs filed suiting under the FLSA, alleging they were not paid proper wages and were not properly compensated for working during lunch. <u>See</u> 2006 WL 3676013 at *1. In denying conditional certification, this Court found the employee affidavits relied upon by plaintiffs were insufficient, as they contained only general statements, such as, "to the best of my information and belief, everyone I worked with was paid the same way and treated the same way;" "my overtime was paid at a lower rate than the average wage of different rates I worked each week" and "[m]any times I worked through lunch was [sic] not counted towards my overtime hours." <u>Id.</u> at *4. Essentially, the affiants claimed that, if their employer paid three of its employees the same way, it must have a policy affecting all its hourly employees. <u>Id.</u> However, the affiants failed to indicate the basis for their belief that their employer paid all its employees the same way. <u>Id.</u> This Court reasoned that "such assumptions might be tenable if the affiants had presented any amount of detail to bolster their assertions," but, ultimately, failure to provide details barred approval of conditional certification. <u>Id.</u>

Likewise, in <u>Kronick</u>, <u>supra</u>, plaintiffs brought an action under the FLSA, alleging that various employees trained them to shave time from employee time records to keep them at 40 hours per week and avoid paying overtime. 2008 WL 4546368 at *1. In support of their motion for conditional certification, plaintiffs submitted three affidavits, claiming that the operations and manner in which wages and compensation were handled was substantially similar at all defendant's retail locations; they observed other employees shaving time; they were aware of the common practice of failure to pay overtime; and a district manager was aware of the failure to pay overtime. <u>Id.</u> at *3. In denying the motion, this Court reasoned that, although plaintiffs stated they learned the operations and manner in which wages and compensation were handled was substantially similar at all defendant's retail locations, they failed to explain *how* they learned

14

this information and, instead, asserted only generalized assumptions, failing to indicate the basis for their beliefs that all employees were compensated in the same manner. <u>Id.</u>

Here, Plaintiffs' declarations do not provide this Court with a basis to conclude they have actual and specific knowledge of other police officers' work habits that share their complaint regarding uncompensated pre- and post-shift work. Plaintiffs have failed to indicate the basis for their belief that all police officers were denied overtime compensation in the same manner and, instead, have submitted only vague, conclusory statements that other officers also worked pre- and post-shift and were denied overtime. For example, each of the Plaintiffs' declarations contains some version of this statement: "Most officers reported to work before their shift and began work and similarly did not get paid for pre shift time spent working." <u>See</u> Declaration of Anthony Moffa. In other words, Plaintiffs have failed to equate their personal situations to those of the putative collective action members and are essentially asking the Court to assume that, because they allegedly worked pre- and post-shift overtime without receiving proper compensation, all police officers must have done so as well. This is insufficient and improper when seeking conditional certification of the collective action. <u>Saleen</u>, 649 F. Supp. 2d at 939-40. Thus, Plaintiffs have, once again, provided this Court with a basis to deny their Motion.

In sum, the declarations Plaintiffs have submitted in support of their Motion are woefully insufficient to warrant conditional certification. They have not provided this Court with any basis to conclude (1) the City had a pay policy of not compensating police officers for pre- and post-shift work and of prohibiting supervisors from approving overtime for such work, that violated the FLSA; (2) the alleged policies were applicable to all police officers and supervisors and (3) they have actual and specific knowledge of other police officers who share their complaints regarding unpaid pre- and post-shift work. Thus, Plaintiffs have not established the necessary

15

factual nexus between themselves and others "similarly situated" as required by the Third Circuit. See Zavala, supra, 691 F.3d 527 at 536. Accordingly, Plaintiffs' Motion for Conditional Certification must be denied.

D.   PLAINTIFFS' OFF-THE-CLOCK CLAIMS FOR UNPAID OVERTIME WORK PERFORMED OUTSIDE OF THEIR REGULARLY SCHEDULED HOURS REQUIRE SIGNIFICANT INDIVIDUALIZED INQUIRIES AND, THUS, ARE INAPPROPRIATE FOR A COLLECTIVE ACTION

Collective action treatment is inappropriate when a court must undertake a fact-specific and detailed analysis of each Plaintiff's circumstances. See Exhibit M, Diaz v. Electronics Boutique of Am., Inc., Civil Action No. 04-CV-0840E (SR), 2005 WL 2654270, *5 (W.D.N.Y. Oct. 17, 2005).  Indeed, courts have repeatedly denied requests for conditional certification in actions to recover "off-the-clock" unpaid overtime because these claims require a fact-specific and detailed analysis of each plaintiff's circumstances, which often vary too widely to conclude the plaintiffs are similarly situated.

In Exhibit N, Lawrence v. City of Philadelphia, Pennsylvania, Civil Action No. 03-CV-4009, 2004 WL 945139 (E.D. Pa. Apr. 29, 2004), employees of the City Fire Department's Emergency Medical Services Unit brought an action against the City of Philadelphia, alleging violations of the FLSA for failure to pay overtime wages for unscheduled "off-the-clock" time spent replenishing supplies before or after their scheduled shifts. See 2004 WL 945139 at *2. The District Court noted that, although each of the named plaintiffs and the potential opt-in plaintiffs had the same general job description, they worked in different unit types, different platoons, at different locations, had different supervisors and, further, a claim for off-the-clock time "does not involve regularly scheduled time that is worked by all members of the class." Id. Rather, "each of the Plaintiffs may potentially claim that on any given day he or she arrived early or departed outside of their regularly scheduled hours and were not compensated for such." Id. In

16

denying conditional certification, the court found the circumstances of each individual claim "potentially vary too widely to conclude that in regard to their "off-the-clock" claim, the Plaintiffs are similarly situated" and, accordingly, severed the claims for "off-the-clock" hours from the collective claim for unpaid overtime for regularly scheduled hours. Id.

Similarly, in Diaz, supra, the plaintiffs alleged they were required to clock out prior to cleaning and closing the store, a process that typically took over an hour to complete, in violation of the FLSA. See 2005 WL 2654270 at *2. The District Court held that, because each individual plaintiff's off-the-clock claims require an examination of when they were scheduled to work, when they actually worked, whether they were paid for such time, and whether their timesheets were altered, the plaintiffs "have not been shown to be similarly situated and plaintiffs' speculative allegations do not rescue their claims from being 'insufficiently specific beyond their own [respective] circumstances'." Id. at *5. See also England v. New Century Fin. Corp., 370 F. Supp. 2d 504 (M.D. La. 2005) (courts may deny plaintiffs' right to proceed collectively under FLSA if action arises from circumstances purely personal to plaintiff, and not from any generally applicable rule, policy, or practice); Exhibit O, West v. Border Foods, Inc., 2006 WL 1892527, *3 (D. Minn. 2006) (discussing issues of manageability in refusing to certify proposed off-the-clock class).

Here, Plaintiffs have alleged that the City "required the law enforcement officers to work overtime most pay periods… as well as off the clock time on days off for which the officers were not paid; they worked additional hours per pay period on the clock as well as off the clock, of which the law enforcement officers were never compensated at all for." See Plaintiff's Moving Brief at pg. 12. See also Declarations of Cruz, Kuzniasz, Nobles, Sosinavage, and Leon. Specifically, each of these Plaintiffs provided a version of the following statement: "For the past

17

several years, on my days off, I worked up to twenty (20) minutes almost every week, performing on call duty and communicating with officers that were at work about work. The City refused to pay me for this time." <u>See</u> Declaration of Xemaril Cruz.

Like the proposed collective action group in <u>Lawrence</u>, although each of the Plaintiffs has the same general job description, they work in different units and platoons, have different ranks and have different supervisors. Furthermore, their claims for "off-the-clock" time do not involve regularly scheduled time worked by all Plaintiffs. Rather, every Plaintiff may potentially claim that on any given day off, he or she performed some type of work, be it taking work-related phone calls or working on cases from home. Moreover, there will likely be wide variation in *amounts* of time claimed to be spent working off-the-clock. Thus, with regard to Plaintiffs' claims for "off-the-clock" unpaid work, these claims relate to specific circumstances personal to each Plaintiff and the circumstances vary too widely to conclude Plaintiffs are similarly situated.

Thus, in accordance with the well-settled case law, Plaintiffs' claims for "off-the-clock" unpaid work performed outside of regularly scheduled hours are inappropriate for conditional certification. Therefore, for the aforementioned reasons, Plaintiffs have failed to meet their burden of establishing that they satisfy the "similarly situated" requirement for their "off-the-clock" claim for unpaid work performed outside of regularly scheduled hours and those claims must be severed accordingly.

2018699.1

**E.**   **PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION MUST BE DENIED BECAUSE THEY CANNOT ESTABLISH THAT ALL PURPORTED CLASS MEMBERS WORKED IN EXCESS OF 86 HOURS, BECAUSE CLAIMS FOR OVERTIME WORKED LESS THAN 86 HOURS ARE NOT COMPENSABLE UNDER THE FLSA, AND BECAUSE PLAINTIFFS' CLAIMS REQUIRE SIGNIFICANT INDIVIDUALIZED INQUIRIES**

Even if Plaintiffs were to establish an employer policy that required uncompensated pre- and post-shift work, such a policy would not violate the FLSA unless the time worked exceeded the weekly law enforcement overtime threshold established by 29 U.S.C. §207(k) and 29 C.F.R. §553.230(c). See Brubach v. City of Albuquerque, 893 F. Supp. 2d 1216, 1224 (D.N.M. 2012), citing Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946) (superseded by statute on other grounds). Moreover, even if Plaintiffs identified such a policy, the requisite analysis would be too fact specific to pursue in a collective action.

29 U.S.C. §207(k), known as the "7(k) exemption," exempts certain public agencies, including the City of Camden, from the otherwise statutory requirement to pay covered employees overtime for hours worked in excess of 40 hours in a given work week. In particular, a public agency engaged in law enforcement activities does not violate overtime requirements if:

> in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause (B) of paragraph (1)) bears to 28 days, compensation at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. §207(k)(2). Indeed, it is not until the employee exceeds the statutorily and regulatory set number of hours that he is entitled to overtime compensation in the amount of one and one-half times his regular rate of pay. Id.; see also 29 C.F.R. §553.230(c). The regulations governing the FLSA clarify that, for employees engaged in law enforcement activities, as defined by 29

C.F.R. §553.211, who work in a 14-day work period, the ratio is 86 hours to 14 days. See 29

C.F.R. 553.230(c); O'Brien v. Town of Agawam, 350 F.3d 279, 291 (1st Cir. 2003).

To be eligible for the 7(k) exemption, a public agency must demonstrate that it

established a 7(k) work period that is regularly recurring. See 29 C.F.R. §553.224; O'Brien, 350

F.3d at 291. Here, it is without question that the City has established a 14-day work period, and

Plaintiffs have conceded this point. See Plaintiffs' Moving Brief at pg. 1, 4. In fact, the City

negotiated the terms of the work period with Plaintiffs, and Plaintiffs accepted those terms in the

Collective Bargaining Agreements ("CBA") governing the rank and file police officers and

police superior officers. See Exhibit P, relevant portions of Plaintiffs' CBAs at Article IX,

Section 2, referencing the "14-day cycle cited under the FLSA." Accordingly, the City was not

required to compensate Plaintiffs at the rate of time and one-half for overtime until they

exceeded the 86-hour threshold, and Plaintiffs were aware of this threshold. See 29 C.F.R.

553.230(c); Exhibit Q, Opt-in Plaintiffs Lutz' and Polcyn's Amended Responses to

Interrogatories.

Plaintiffs here have failed to present any direct evidence, **or even allege** that their alleged

uncompensated pre- and post-shift work exceeded 86 hours in a 14-day work period, entitling

them to compensation at the rate of time and one-half their regular rate of pay under the FLSA.

Instead, they blanketly allege they are entitled to time and one-half overtime for all overtime

hours worked. See Plaintiffs' Moving Brief at 16; see also Exhibit A to Plaintiffs' Moving Brief.

On the contrary, in accordance with the statutory and regulatory requirements set forth above, the

City was not required to pay its officers time and one-half overtime unless they exceeded the 86-

hour threshold. Thus, the Plaintiffs cannot substantiate a group of "similarly situated" collective

action members when they have not provided any facts or evidence that the members all eclipsed the 86-hour threshold for entitlement to time and one-half overtime pay.

Furthermore, Plaintiffs' claims for uncompensated pre- and post-shift work in excess of the their scheduled shifts, but falling below the 86-hour statutory overtime threshold ("gap time"), constitutes contractual overtime and cannot form the basis of a claim for overtime compensation under the FLSA. See Koelker v. Mayor & City Council of Cumberland, Md., 599 F. Supp. 2d 624, 631 (D. Md. 2009). Employees seeking overtime compensation for gap time are limited to bringing "a contractual claim that must be pursued in accordance with the [CBAs'] grievance provisions." Id. at 636; accord Vadino v. A. Valey Eng'rs, 903 F.2d 253, 265 (3d Cir. 1990) (holding that, because the National Labor Relations Act exists to address the interpretation and enforcement of CBAs, "[t]he enforcement provision of the FLSA is limited to employee suits seeking enforcement of their rights under the statute."). Thus, Plaintiffs here cannot assert a cause of action for their alleged pre- and post-shift work falling below the 86-hour statutory overtime threshold under the FLSA and instead, must assert a contractual claim in accordance with their Union's grievance protocol. Therefore, Plaintiffs cannot establish a collective action group of "similarly situated" individuals because they simply do not have a claim under the FLSA for overtime worked more than 80 hours, but less than 86.

Moreover, the touchstone for conditional certification is judicial efficiency. See Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 170 (1989). Where courts must adjudicate claims individually, judicial efficiencies will not result and the plaintiffs' interests are insufficient to permit conditional certification. See Exhibit R, Wombles v. Title Max of Ala., Inc., 2005 WL 3312670, at *5-6 (M.D. Ala. Dec. 7, 2005). Here, because entitlement to overtime under the FLSA is not triggered until a Plaintiff exceeds 86 hours in a 14-day work period, this

Court would be required to analyze each individual Plaintiff's claim for overtime to confirm that his or her hours exceeded 86 in a 14-day period. This type of undertaking is patently inappropriate in a collective action. See Morisky, supra, 111 F. Supp. 2d at 499; see Section I, Subsection D, supra. Accordingly, for all of the foregoing reasons, Plaintiffs' claims cannot be classified as "similarly situated" with other officers' putative claims and their Motion for Conditional Certification must be denied.

II.   **IN THE EVENT THE COURT GRANTS PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION, THE PROPOSED NOTICE SHOULD NOT BE APPROVED IN ITS CURRENT FORM AND THE APPLICABLE STATUTE OF LIMITATIONS SHOULD BE TWO YEARS**

In the event this Court grants Plaintiffs' Motion for Conditional Certification, the City respectfully submits that the proposed notice should not be approved in its current form, because it improperly identifies the putative class and fails to adequately advise putative class members of the legal ramifications of failing to opt into the lawsuit. Further, the statute of limitations imposed should be two years because Plaintiffs have submitted no facts or evidence to establish the City willfully or recklessly violated the FLSA.

A.   **PLAINTIFFS' PROPOSED NOTICE IS DEFICIENT BECAUSE IT IMPROPERLY IDENTIFIES THE PUTATIVE CLASS AND DOES NOT ADEQUATELY ADVISE OF THE LEGAL RAMIFICATIONS OF FAILING TO OPT INTO THE LAWSUIT**

In the event the Court grants conditional certification, Plaintiffs' proposed form of notice contains several flaws and should not be approved in its current form. First, the proposed notice is not properly addressed to the collective action group defined in Plaintiffs' Moving Brief. As written, the proposed notice is addressed to "All current and former officials, however titled, who performed services for CITY OF CAMDEN, (POLICE DEPARTMENT)." See Exhibit A to Plaintiffs' Moving Brief. However, Plaintiffs have defined the collective action group as:

> All employees, employed for any length of time since April 12, 2009, that held non-exempt law enforcement officer positions, that were paid an hourly wage, and were involved in the protection of the City of Camden, on behalf of Defendant, throughout the State of New Jersey.

See Plaintiffs' Moving Brief at p. 3. Clearly, the notice, in its current form, misrepresents the proposed collective action group and is far more expansive in its breadth than the group defined by Plaintiffs. The notice must be revised to accurately reflect the collective group for which conditional certification is being sought.

Further, the proposed notice inadequately explains to potential collective action members their rights if they fail to file the "Consent to Join" form. The notice to the collective action members should disclose, in detail, the legal effect on the individuals if they choose not to join in this action. Currently, the notice vaguely warns that failing to sign and return the consent form prohibits recovery of back wages from this case. See Exhibit A to Plaintiffs' Moving Brief. A more detailed explanation is warranted.

Therefore, if the Court grants Plaintiffs' Motion, the City respectfully requests that the Court instruct counsel for the parties to meet and confer to develop an agreed upon notice to submit to the Court for approval.

### B. PLAINTIFFS' CLAIMS ARE SUBJECT TO A TWO YEAR STATUTE OF LIMITATIONS BECAUSE THE CITY'S ALLEGED IMPROPER CONDUCT CANNOT BE CHARACTERIZED AS "WILLFUL" UNDER THE FLSA

Generally, a two year statute of limitations applies to FLSA claims. See 29 U.S.C. 255(a). Pursuant to the regulations governing the FLSA, a cause of action accrues "when the employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends." 29 C.F.R. 790.21(b). However, the statute of limitations may be increased to three years if the employer willfully violates the FLSA. See Albanese v. Bergen

23

Cnty., N.J., 991 F. Supp. 410, 424-25 (D.N.J. 1997); see also 29 U.S.C. §255(a). A willful

violation occurs when "the employer either knew or showed reckless disregard for the matter of

whether its conduct was prohibited by the [FLSA]." McLaughlin v. Richland Shoe Co., 486 U.S.

128, 133 (1988). However, a violation of the FLSA cannot be deemed "willful" if the employer

reasonably believed it was complying with the FLSA, or acted unreasonably – but not recklessly,

in determining its obligations under the FLSA. Id. at 134.

In Dole v. Solid Waste Servs., Inc., 733 F. Supp. 895, 900 (E.D. Pa. 1989) aff'd, 897 F.2d

521 (3d Cir. 1990) and aff'd sub nom. Appeal of Solid Waste Servs., Inc., 897 F.2d 524 (3d Cir.

1990), the Secretary of Labor brought an action to enjoin defendants from violating the FLSA.

The evidence showed that, despite several prior investigations for FLSA violations, defendants

continued to act in contrast to the requirements of the FLSA with regard to permissibility of

compensated lunch breaks. See 733 F. Supp. at 928.  The court held that defendants "made no

serious attempt, much less a good faith attempt, to comply with the FLSA" and, accordingly,

imposed a three-year statute of limitations period. Id.  Likewise, in Martin v. Selker Bros., Inc.,

949 F.2d 1286 (3d Cir. 1991), the Third Circuit upheld the District Court's finding of a willful

violation of the FLSA and imposition of a three-year statute of limitations, finding that defendant

recklessly disregarded the requirements of the FLSA by making comments that there is a "fine

line" regarding the legality of how he paid his employees and to "hush up" about it. Id. at 1296.

Further, the defendant had previously expressed concerns and doubts as to the legality of his

payment practice, but maintained the practice to maintain low overhead. Id.

On the contrary, in Oakes v. Com. of Pa., 871 F. Supp. 797 (M.D. Pa. 1995), police

officers sued the Commonwealth, alleging willful violations of the FLSA because they were not

paid for 30-minute meal breaks. Id. at 798. The District Court granted defendant's motion for

partial summary judgment on the issue on willfulness, finding that plaintiffs failed to present "any evidence that defendants intentionally violated the FLSA or were reckless in their consideration of its effect." Id. at 801. Instead, the evidence showed the defendant "reasonably believed, based on existing law, that the employees were not entitled to compensation for their meal breaks." Id. Thus, even if the employer violated the FLSA, it was not a willful violation and, accordingly, a three-year statute of limitations was not warranted. Id.

Here, the record is void of any facts or evidence to substantiate Plaintiffs' position that the City's alleged failure to pay overtime compensation was a willful violation of the FLSA. Their only basis is "the testimony of the Plaintiffs uniformly points to a known practice of failing to pay for all overtime hours worked by City of Camden law enforcement officers." See Plaintiffs' Moving Brief pg. 16. Plaintiffs offer only vague, conclusory statements and fail to present any direct evidence that the City implemented a policy, applicable to all police officers, which violated FLSA overtime requirements. Specifically, Plaintiffs have failed to cite a specific written policy in violation of the FLSA. Moreover, Plaintiffs have failed to cite to any specific instances where the City's conduct or comments would lead this Court to believe their pay policies and procedures are even the least bit nefarious.

Additionally, with regard to Plaintiffs' claims for off-the-clock overtime (e.g., working on cases at home on days off or taking work-related calls on days off), Plaintiffs have presented absolutely no evidence they notified the City of this work. The failure to pay overtime is not a FLSA violation when an employee fails to notify the employer through the established overtime record-keeping system or deliberately prevents the employer from acquiring knowledge of the overtime work. See Brown v. ScriptPro, LLC, 700 F.3d 1222, 1230-31 (10th Cir. 2012); Forrester v. Roth's I. G. A. Foodliner, Inc., 646 F.2d 413, 414 (9th Cir. 1981). In other words, an

employee may only be compensated for overtime work if the employer "knows or has reason to believe the employee is continuing to work and the duties are an integral and indispensable part of the employee's principal work activity." Mumbower v. Callicott, 526 F.2d 1183, 1188 (8th Cir.1975); Anderson, supra, 328 U.S. at 687-88.

Here, Plaintiffs admit the City had an established policy and procedure for requesting overtime via the submission of overtime slips detailing the time worked and describing the nature of the work performed. See, e.g., Declaration of Raymond Lopez. A number of declarants assert they regularly performed uncompensated off-the-clock work. See Declarations of Cruz, Kuzniasz, Nobles, Sosinavage and Leon. However, none of these Plaintiffs indicate they notified the City of this alleged off-the-clock work by complying with the established overtime policy and submitting overtime slips for this time. Rather, they offer vague, conclusory statements such as "I would also receive cell phone calls on my days off which I would be on the phone from ten to sixty (10-60) minutes at a time that I was not getting paid for." See Declaration of Walter Kuzniasz. Further, none of these Plaintiffs identified with whom they spoke to substantiate their claim the City knew they were working on their days off by receiving cell phone calls. Plaintiffs may have spoken with other non-supervisory police officers who had no authority to approve or reject overtime and no obligation or inclination to notify superiors of this time. Their declarations lack even a scintilla of evidence that the City knew they were working in this manner and consciously – let alone willfully or recklessly – decided to deny them proper overtime compensation.

Furthermore, Plaintiffs' claim for off-the-clock overtime does not involve regularly scheduled time worked by all officers. It is impossible for the City to have had constructive knowledge of all officers' alleged off-the-clock work when overtime slips were not submitted

and Plaintiffs may claim that on any given day off, they worked from home. Thus, circumstances vary too widely to conclude the City had constructive knowledge of this alleged off-the-clock overtime. See Exhibit S, Bramble v. Wal-Mart Stores, Inc., Civil Action No. 09-4932, 2011 WL 1389510 (E.D. Pa. Apr. 12, 2011).

In sum, Plaintiffs' failure to notify the City of alleged off-the-clock work does not result in a FLSA violation by the City for allegedly failing to pay overtime for which it did not know Plaintiffs were working. Simply, Plaintiffs cannot even establish a cause of action under the FLSA, much less a "willful" violation. Accordingly, based on Plaintiffs' proofs – or lack thereof – the City respectfully submits that Plaintiffs' claimed entitlement to a three-year statute of limitations is baseless and without merit and, if the Court grants Plaintiff's Motion for Conditional Certification, a two-year statute of limitations should apply.

## III. THE CITY OF CAMDEN'S CROSS-MOTION TO DISMISS COUNT II OF PLAINTIFFS' SECOND AMENDED COMPLAINT MUST BE GRANTED BECAUSE THE CITY IS NOT AN "EMPLOYER" WITHIN THE MEANING OF THE NEW JERSEY WAGE AND HOUR LAW

Plaintiffs allege the City failed to pay "overtime compensation at rates not less than one and one-half times the regular rate of pay for all overtime hours worked by them in a workweek" in violation of the NJWHL. See Docket Entry No. 186, Second Amended Complaint at ¶45. However, the City is not an employer within the definition of NJWHL and, therefore, is not bound by its provisions. Accordingly, the City respectfully submits that Count II of Plaintiffs' Second Amended Complaint must be dismissed, with prejudice.

### A. STANDARD FOR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted does not attack the merits of the case, but rather tests the legal sufficiency

of the complaint. See <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996).  When considering a Rule 12(b)(6) motion, the court is required to accept as true all allegations in the complaint and to construe the complaint in favor of the plaintiff.  See <u>Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.</u>, 140 F.3d 478, 483 (3d Cir. 1998).

In examining a Rule 12(b)(6) motion, "the court must review the allegations of *fact* contained in the complaint; for this purpose the court does not consider conclusory recitations of law." <u>Commonwealth of Pennsylvania v. PepsiCo, Inc.</u>, 836 F.2d 173, 179 (3d Cir. 1988). Thus, a court "will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations;" instead, "the plaintiff must set forth sufficient information to outline the elements of its claims or to permit inferences to be drawn that these elements exist." <u>Emcore Corp. v. PriceWaterhouseCoopers LLP</u>, 102 F. Supp. 2d 237, 242 (D.N.J. 2000).

**B.      COUNT II OF PLAINTIFFS' SECOND AMENDED COMPLAINT FAILS, ON ITS FACE, TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE THE CITY OF CAMDEN IS NOT AN "EMPLOYER" UNDER THE NJWHL**

The NJWHL defines an employer as "any individual, partnership, association, corporation or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." <u>N.J.S.A.</u> §34:11-56a1(g). Thus, on its face, the Second Amended Complaint fails to state a claim upon which relief can be granted because municipalities, counties, cities, the State, and other public employers do not fall within the NJWHL's definition of "employer." See <u>Allen v. Fauver</u>, 327 N.J. Super. 14, 21 (App. Div.

1999), aff'd, 167 N.J. 69 (2001) (Appellate Division held, and Supreme Court agreed, the State[7] does not fall within NJWHL's definition of "employer."). In Allen, corrections officers employed by the Department of Corrections filed suit against the Department, Commissioner of Corrections, and the Governor to obtain unpaid overtime under the FLSA and NJWHL. Id. at 14. In reaching its holding, the Appellate Division reasoned that, "[h]ad the legislature intended to include all employers both public and private, it most certainly would have done so explicitly as it has in the Employer-Employee Relations Act ["EERA"] (N.J.S.A. 34:13A-3(c))" (including in its definition of "employer" the State of New Jersey, or the several counties and municipalities thereof) "and the Law Against Discrimination ("LAD") (N.J.S.A. 10:5-5(e)" (an "employer" includes the State, any political or civil subdivision thereof, and all public officers, agencies, boards or bodies). Id. at 21. Furthermore, the court opined, statutes like the EERA and LAD are applicable only to public employees and parallel the entitlements provided under NJWHL. Id. Thus, if the State and its several counties and municipalities were to satisfy the definition of "employer" under the NJWHL, those statutes would be unnecessary. Id.

As applicable here, Count II of Plaintiffs' Second Amended Complaint alleges that the City failed to comply with the applicable provisions of the NJWHL and seeks recovery for unpaid overtime compensation. See Plaintiffs' Second Amended Complaint. However, based upon the well settled principles set forth above, the City of Camden, as a municipal entity, does not fall within the NJWHL's definition of "employer" and, therefore, is not subject to the provisions of the NJWHL. As such, Count II of Plaintiffs' Second Amended Complaint fails, on

---

[7] The term "State" is not limited to the State of New Jersey, but includes counties, municipalities, public agencies, and any other political subdivision of the State.  See Allen, 327 N.J. Super. at 21-22, citing N.J.S.A. 34:13A-3(c); N.J.S.A. 10:5-5 (e).

29

its face, to state a claim upon which relief can be granted and, accordingly, must be dismissed, with prejudice.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Motion for Conditional Certification should be denied. Further, for the reasons set forth above, Defendant's Cross-Motion to Dismiss Count II of the Second Amended Complaint should be granted and Count II should be dismissed, with prejudice, for failure to state a claim upon which relief can be granted.

Respectfully submitted,
**BROWN & CONNERY, LLP**
Attorneys for Defendant

Dated: September 23, 2013          By:     s/William M. Tambussi_____
                                                     William M. Tambussi
                                                     Gina M. Roswell
                                                     Therese M. Taraschi
                                                     360 Haddon Avenue
                                                     P.O. Box 539
                                                     Westmont, New Jersey 08108
                                                     (856) 854-8900
                                                     (856) 858-4967
                                                     wtambussi@brownconnery.com
                                                     groswell@brownconnery.com
                                                     ttaraschi@brownconnery.com

30